LEWIS *v.* BROWN.

5-2252                                    341 S. W. 2d 772

Opinion delivered January 9, 1961.

*William H. Drew,* for appellant.

No brief filed for appellee.

JIM JOHNSON, Associate Justice. This is a second review by this Court of matters arising out of the same litigation between appellant Elza Lewis and appellees W. G. Brown, et ux.

Elza Lewis commenced action against W. G. Brown and wife to be declared equitable owner of certain lands in Chicot County. Summons was served on November 17, 1958, and demurrer was filed by W. G. Brown and wife on December 6, 1958. On January 12, 1959, the regular Chancellor disqualified himself and a Special Chancellor was duly elected. On April 3, 1959, the demurrer was overruled and the defendants were given ten days to answer. On April 23, the defendants having not answered, the Special Chancellor vacated his order of April 3, 1959, and granted defendants until April 25, 1959, to answer and ordered the cause tried on May 18, 1959. On May 18, 1959, the defendants failed to appear and after a trial a default decree was entered in favor of plaintiff.

On July 18, 1959, W. G. Brown and wife filed complaint to vacate decree of May 18, 1959, and on July 18, 1959, filed petition for injunction restraining execution on decree of May 18, 1959. On August 8, 1959, after trial, the Chancellor denied the petition for injunction. On August 27, 1959, after trial, the complaint to vacate decree of May 18, 1959, was denied. Appeal was then taken to this Court on denial of complaint to vacate, *Brown* v. *Lewis,* 231 Ark. 976, 334 S. W. 2d 225, wherein the action of the Chancellor in denying the Complaint to Vacate Decree of May 18, 1959, was affirmed,

and rehearing denied on May 9, 1960, on which date the mandate of this Court was issued.

On June 1, 1960, W. G. Brown filed a Petition for Bill of Review. On the same date, Elza Lewis filed a demurrer to this petition which was treated as a Motion to make more Definite and Certain by the Chancellor, and plaintiff was "granted 20 days in which to comply with said Motion, in default the action be dismissed."

On June 22, 1960, two days beyond the granted time to comply with the motion, the appellant filed a petition to dismiss with prejudice the Petition for Bill of Review.

On June 29, 1960, appellant's petition to dismiss reached regular call on the docket. The Chancellor, upon inspecting his docket, found a notation thereon dated June 28, 1960, written by Solicitor for appellee. The notation is as follows: "The Chicot Chancery Court being in vacation, the Petitioners, by their attorney hereby take a non-suit in this action (case No. 9194) and the cost having been fully paid, Petitioners petition in this case is hereby dismissed without prejudice to Petitioners." The Chancellor thereupon dismissed appellant's petition for dismissal with prejudice thereby sustaining appellees' action in taking a non-suit. From such order comes this appeal.

For reversal appellant urges two points. The first point contended that: "The Chancellor erred in treating appellant's demurrer as a motion to make more definite and certain." This order of the Chancellor, treating the demurrer as a motion, was not final and appealable; it was a matter clearly within the Chancellor's discretion and here, contrary to appellant's eloquent argument, we cannot say that the trial court abused this discretion.

Appellant's second point contended that "The Court erred in dismissing appellant's petition for dismissal with prejudice."

Ark. Stats., § 27-1406 is as follows:

"The plaintiff or his attorney may dismiss any suit pending in any of the courts of this State, except actions of replevin, in vacation, in the office of the clerk, on the payment of all costs that may have accrued therein."

This statute has been construed by this Court many times and upon compliance with its terms the Court has never departed from the rule that "The plaintiff has an absolute right to dismiss his case at any time before submission to the Court." *St. Louis, I. M. & S. R. Co.* v. *Ingram,* 118 Ark. 377, 176 S. W. 692. While it is true, as appellant argues, the dismissal notation was made by the solicitor for appellee on the court's docket some seven days in default of a prior order of the court, yet it isn't contended that the court was not in vacation at the time, nor is it contended that all costs had not been paid, and since we do not find that the motion to dismiss with prejudice filed by appellant constituted a cross-complaint [See Ark. Stats., § 27-1407] we have no choice but to affirm the order of the Chancellor thereby concluding that there was no appealable order before this Court.

Affirmed.