JAMES GIVENS *v.* STATE OF ARKANSAS

5276                                                         418 S. W. 2d 629

Opinion delivered September 11, 1967
[Rehearing denied October 16, 1967.]

*Fred A. Newth Jr.* and *Harry Robinson,* for appellant.

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

J. FRED JONES, Justice. This is an appeal from the Jefferson County Circuit Court denying appellant's motion to discharge the appellant and dismiss the information filed against him, and in overruling appellant's subsequent motion to set aside a jury verdict and grant a new trial.

The record reveals the following facts: On April 4, 1966, informations were filed by the prosecuting attorney in Jefferson County, charging the appellant Givens, and also one Martin, with armed robbery, and a bench warrant was issued for the appellant. The warrant was served and appellant taken into custody on July 13, 1966. Appellant remained in custody, unable to make bail, until his jury trial on January 23, 1967.

On January 23, 1967, prior to trial, the appellant filed a motion for his discharge and for dismissal of the information filed against him, because he had been in jail since his apprehension and had not been permitted to enjoy the right of a speedy trial as provided in the state and federal constitutions. The motion was overruled by the trial court, the jury returned a verdict of guilty and fixed punishment at seven years in the penitentiary. Appellant waived the forty-eight hour delay in sentencing and was sentenced to seven years in the state penitentiary by order of the court entered on January 23, 1967. Appellant's subsequent motion for a new trial was overruled and this appeal is from the orders denying the motions.

Appellant sets out two points he relies on for reversal, as follows:

"1. Defendant's incarceration in Pulaski County jail under hold order and subsequent incarceration in Jefferson County jail, with trial passed twice over defendant's strong objections was in violation of defendant's civil, state, and federal rights to a speedy and public trial as guaranteed by the Arkansas and United States of America Constitutions.

"2. Once such right accrued to defendant the court erred in overruling defendant's motion to discharge the accused and dismiss the information filed herein."

All the evidence, in the record before us, is directed to the delay in trying the case after appellant was arrested. On July 14, 1966, appellant's attorney wrote a letter to the prosecuting attorney requesting that the case be placed on docket for an early trial. On August 9, 1966, appellant's attorney again wrote to the prosecuting attorney calling attention to an agreement to try the case as soon as possible and requesting the prosecuting attorney to contact the trial judge in an effort to get the case set for trial. On October 21, 1966, appellant's attorney advised the appellant that his case had been set for trial on December 1, 1966.

The record indicates that the appellant and his co-defendant may have been tried together. In any event, no motion for severance is in the record and the record reveals that an attorney was appointed by the court to represent appellant's co-defendant, and that the court, on its own motion, passed the cases for trial on December 1, 1966, because the co-defendant's counsel had not had time to prepare for trial following appointment. On December 7, 1966, appellant's counsel wrote a letter to to the Circuit Judge requesting a jury trial at the earliest possible date and the case was tried on January 23, 1967.

A second postponement in the trial of the case was mentioned at the hearing on motion in chambers and is

referred to in appellant's brief, but the record is not clear as to any other specific dates the appellant's case was set for trial except on December 1, 1966, when it was passed, and on January 23, 1967, when it was tried.

Appellant concludes his brief as follows:

"The question here is whether an incarceration from April 4, 1966, to January 23, 1967, with accused constantly demanding trial, and with trial passed over twice over defendant's objections, despite only two trials in eight months, is a violation of appellant's constitution guarantees of speedy trial."

The record before us does not sustain the contention that appellant was incarcerated from April 4, 1966, to January 23, 1967, on the charges for which he was tried. The sheriff's return on the bench warrant is as follows:

"I hereby certify that I have executed the within Bench Warrant by taking the body of the within named James Givens C. M. who is now in custody subject to the orders of the Court, this 13th day of July, 1966."

The appellant argues in his brief t' at he had been held in jail for eight months awaiting trial, but he testified on the day of his trial that he had been in custody about six months.

A trial court has a great deal of discretion in the postponement of trials under Ark. Stat. Ann. § 43-1705 (Repl. 1964). This is necessarily so in the orderly conduct of the business of the courts in the various counties of a district, and the work of a trial judge in a four court district cannot be accurately measured by the number of jury trials alone, conducted in any one of the courts of the district. We find no abuse of discretion by the trial court in the case before us, and we are of the

opinion that appellant's right to a speedy trial was not violated in this case.

Information was filed, warrant issued, and the appellant taken into custody during the March 1966, term of Jefferson County Circuit Court, and appellant was tried in the following October 1966 term. (Ark. Stat. Ann. § 22-310 [Repl. 1962]).

Ark. Stat. Ann. § 43-1708 (Repl. 1964) provides as follows:

> "If any person indicted for any offense, and committed to prison, shall not be brought to trial before the end of the second term of the court having jurisdiction of the offense, which shall be held after the finding of such indictment, he shall be discharged so far as relates to the offense for which he was committed, unless the delay shall happen on the application of the prisoner."

and Ark. Stat. Ann. § 43-1709 (Repl. 1964) limits the time a person may stand indicted without trial while free on bail.

We do not agree with appellant's argument that Ark. Stat. Ann. § 43-1705 "is unconscionable and not attune with recent decisions of the United States Supreme Court." Section 43-1705 provides for postponement of trial "upon sufficient cause shown by *either* party" and the cases indicate that defendants have invoked the provisions of this statute far more often than the prosecution.

The United States Supreme Court case of *Klopfer* v. *State of North Carolina*, 35 Law Week 4248, cited by appellant, is not in point with the case here.

In the Klopfer case the defendant was indicted for criminal trespass on February 24, 1964. He was tried in March of 1964, but the jury failed to reach a verdict

and the case was continued for the term. Prior to the April 1965, session of the court, the prosecuting attorney informed the defendant that he intended to have a *"nolle prosequi* with leave" entered in the case, but instead, the prosecuting attorney moved to continue the case for another term and the motion was granted. The case was not set for trial in the August 1965 session and the defendant filed a motion to have the charge pending against him permanently concluded in accordance with the applicable laws of the state of North Carolina and the United States as soon as is reasonably possible, noting that some 18 months had elapsed since the indictment. In response to the motion, the trial judge considered the status of the defendant's case in open court in August 1965, and at that time the prosecuting attorney moved the court that the state be permitted to take a *"nolle prosequi* with leave," and the court granted the motion over the defendant's objections.

*Nolle prosequi* with leave under the North Carolina practice procedure was simply a method whereby an accused was permitted to remain free *under indictment* indefinitely or until such time, as the prosecuting attorney *in his discretion,* saw fit to reinstate the case and try the accused on the charge for which he stood indicted.

North Carolina did not have a statute for the protection of the accused like our Ark. Stat. Ann. § 43-1708, supra. We are of the opinion that this statute is sufficient security in Arkansas for the speedy trial contemplated by the constitutions of Arkansas and the United States, and we find nothing in the record before us that would justify the shortening of that period by our decision in this case.

The judgment and orders of the trial court are affirmed.