Allen Bruce WOODS *v.* STATE of Arkansas

CR 76-165                                      545 S.W. 2d 912

Opinion delivered January 24, 1977
(Division I)
[Rehearing denied February 28, 1977.]

*Paul Petty*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Gary Isbell*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. The appellant, charged as a habitual criminal with the offense of armed robbery (committed in a supermarket), was found guilty and sentenced to 25 years' confinement, plus 7 years for having used a firearm. Four points for reversal are argued.

First, it is contended that Woods was denied his constitutional right to a speedy trial. He was arrested in California on May 27, 1975, and given a preliminary hearing in Arkansas on June 5. The information was filed on July 5, with a public defender being appointed to represent Woods. On November 4 the defendant's present attorney appeared for him, as retained counsel, and filed a motion for a continuance. The motion asked for additional time for preparation of the case and asserted that the State would not be prejudiced, because the defendant was then confined in the state penitentiary. The motion was granted, and there is no claim of any further delay on the part of the prosecution.

We find no denial of a speedy trial. Woods was tried within the two terms of court formerly allowed by statute, Ark. Stat. Ann. § 43-1708 (Repl. 1964), and within the time now allowed by Rule 28.1 of the Rules of Criminal Procedure (1976). There is no indication that the motion for dismissal was supported by any testimony or that it was even presented to the trial court. The motion itself recited that the defendant was already in the penitentiary rather than in jail awaiting trial. No prejudice is shown to have resulted from the delay; so the argument is without merit. See *Givens* v. *State,* 243 Ark. 16, 418 S.W. 2d 629 (1967), cert. den. 390 U.S. 956 (1968), where the facts supporting the motion were decidedly more favorable to the accused than they are here.

Secondly, the court first submitted to the jury the simple question of guilt or innocence, as the statute requires in habitual criminal cases. Ark. Stat. Ann. § 43-2330.1 (Supp. 1975). Counsel objected, on the ground that the jury would know from the absence of any reference in the verdict form to the punishment that proof of one or more prior convictions

would be forthcoming. There was no suggestion, however, as to what alternative action the court should take. The present procedure was adopted by the legislature in 1967, after the issue had been raised in this court in *Miller* v. *State*, 239 Ark. 936, 394 S.W. 2d 601 (1965). Following the enactment of the statute we rejected substantially the same argument as that now presented. *Henson* v. *State*, 248 Ark. 992, 455 S.W. 2d 101 (1970). That case is controlling here.

Thirdly, after the jury had returned a verdict of guilty, deputy circuit clerks were called as witnesses to read judgments showing six prior felony convictions. Defense counsel objected to the reading of this provision in the first judgment: "It is the further order of the Court that defendant serve one-third of said sentence before becoming eligible for parole." It is argued that the provision in question had the effect of telling the jury that the defendant might be paroled before the expiration of any sentence imposed by the jury — information that should have been withheld from the jury under our holding in *Andrews* v. *State*, 251 Ark. 279, 472 S.W. 2d 86 (1971).

In *Andrews* we did not even intimate that the barest reference to the possibility of parole would be reversible error. Our holding was that the court should not attempt to explain to the jury the law governing the parole system. We adhere to that view, but no such explanation was attempted here. The challenged clause in the judgment certainly did not tell the jurors anything unknown to them, since it is hardly possible that even one person, much less twelve, old enough to serve on a jury would not know that Arkansas has a parole system. Moreover, the statute provides that the duly certified record of a former conviction "shall be prima facie evidence . . . and may be used in evidence." Ark. Stat. Ann. § 43-2330 (Repl. 1964). No issue of a constitutional right is involved. Consequently, if the law that makes the record admissible ought to be changed, that argument should be addressed to the legislature, not to the courts.

The remaining point for reversal was not the subject of an objection in the trial court, doubtless because it was without merit.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.