Eva PASCALL *v.* Stanley E. SMITH

77-102                                                569 S.W. 2d 89

Substitute Opinion on Rehearing
delivered June 26, 1978
(In Banc)
[Rehearing denied September 5, 1978.]

*Gibson & Gibson, P.A.,* for appellant.

*James. Merritt* and *George N. Holmes,* for appellee.

FRANK HOLT, Justice. Appellee commenced this action to quiet title in certain land, which he held as a tenant by the entirety with his divorced wife, on the ground that he had acquired title of the property by adverse possession. Alternatively, he sought partition or sale of the land. At the close of appellee's evidence on his claim of title by adverse possession, appellant demurred to the evidence on the basis that the appellee failed to prove the date upon which any alleged actual notice was communicated to her that he was claiming adversely to her one-half interest. The court overruled the demurrer. Appellant appealed that order to this court and we dismissed it without prejudice because the order was not appealable. *Pascall* v. *Smith,* 262 Ark. 523, 558 S.W. 2d 150 (1977). Upon remand appellant elected to stand on her demurrer to the evidence. The chancellor overruled the demurrer and awarded the property to the appellee on the basis of his claim of adverse possession. Appellant first asserts

the court erred in failing to sustain her demurrer to the evidence.

Appellant argues the primary issue on this appeal is: "[M]ust the appellee, in order to present a *prima facie* case, offer some proof as to the date or time when the appellee [as cotenant] placed the appellant on actual notice that he was claiming adversely?" Appellant asserts that the appellee failed to make a *prima facie* case for adverse possession because there was no evidence adduced as to when actual notice of his adverse claim was made known to appellant.

In order for adverse possession to ripen into good title, the possession must have been for a period of seven years after the cause of action has accrued. Ark. Stat. Ann. § 37-101 (Repl. 1962). Here the property in question was originally acquired by the appellee in 1928. He built a house on the property in 1948. In 1963, a few months after he and appellant were married, he conveyed the property to himself and her to hold as tenants by the entirety. Appellee, now seventy-six years old, testified that he had been in active and exclusive possession since the divorce or for the past nine years. Aside from living on the property, he maintained it and operated his business there. His possession was open and visible to the public in general as well as his business customers. He had held out to everyone including appellant that he was the owners of the property, and the property was generally referred to by the people in town as his "home and property." Other witnesses testified that appellee had made improvements on the property and they verified that appellee was considered by the community to be the sole owner of the property. Appellant had not claimed any interest in the property during this nine year period. Since their divorce she had remarried and resided within eight miles of the premises in dispute. During this time it appears she came on or about the premises twice. The first time she was told: "Now, there's the door right there." "You go out of it" and to stay off the premises. On the next occasion he reminded her to "stay off this property," not to come back "[a]nd she hadn't." On the first occasion the subject of the death of the county sheriff, who was known to both of them, was discussed. Appellee could not recall the exact date.

In our original opinion, we took judicial notice of the Secretary of State's official records, which establishes the date of the sheriff's death as February, 1966, or approximately one year after the parties' divorce. Appellant correctly contends in her petition for rehearing that in this fact situation this was impermissible since judicial notice of this fact was not raised in the trial court. See Ark. Stat. Ann. § 28-1001, Rule 201 (Supp. 1977). A demurrer to the evidence involves a question of law as to the sufficiency of the evidence, and in ruling upon the motion, the chancellor is not to weigh the evidence but is to construe the evidence in the light most favorable to the plaintiff and rule against him only when the evidence fails to make a *prima facie* case. *Pierson* v. *Barkley*, 253 Ark. 131, 484 S.W. 2d 872 (1972); and *Werbe* v. *Holt*, 217 Ark. 198, 229 S.W. 2d 225 (1950). Here we hold that the evidence, when viewed most favorably to appellee, as we must do on appeal, did not make a *prima facie* case that appellant, a co-tenant of an estate by the entirety, was sufficiently put on notice of appellee's adverse claim of possession. See *McGuire* v. *Wallis*, 231 Ark. 506, 330 S.W. 2d 714 (1960); and *Spotts, Adm'x* v. *Lewis*, 243 Ark. 272, 419 S.W. 2d 622 (1967).

However, we cannot agree that the chancellor erred in permitting the direct examination of appellee to be conducted by leading questions. Ark. Stat. Ann. § 28-1001, Rule 611 (c) (Supp. 1977) permits leading questions on direct examination "as may be necessary to develop his testimony." Here the court, in overruling appellant's objection, stated he was aware the witness was being asked leading questions "but at the same time this witness is elderly and can't hear too well and I am allowing a little bit more leeway in leading than I ordinarily would."

As indicated, the chancellor erred by overruling the demurrer. Reversed and remanded for further proceedings. See Ark. Stat. Ann. § 27-1729 (Repl. 1962).