## Eva PASCALL *v.* Stanley E. SMITH

79-250                                                588 S.W. 2d 701

Opinion delivered November 5, 1979

*Gibson & Gibson, P.A.,* by: *R. Bynum Gibson, Jr.,* for appellant.

*Holmes, Holmes & Trafford,* by: *George Holmes,* for appellee.

FRANK HOLT, Justice. The appellant and appellee were divorced in 1965. In 1975 appellee brought this action to quiet title to certain real property, which they have owned as tenants by the entirety before and since the divorce. Appellee based his claim on adverse possession and, in the alternative, sought a partition and sale of the property. Appellant counterclaimed for partition and sale. The trial court, after hearing evidence on the issue to quiet title only, overruled appellant's demurrer to the evidence. We dismissed appellant's appeal without prejudice, because there was no appealable order. *Pascall* v. *Smith,* 262 Ark. 523, 558 S.W. 2d 150 (1977). On remand, the chancellor awarded title to the land to the appellee on his claim of adverse possession. In *Pascall* v. *Smith,* 263 Ark. 428, 569 S.W. 2d 89 (1978), we remanded the action, and in accordance with our opinion, the court sustained appellant's demurrer and dismissed appellee's plea to quiet title. Appellee nonsuited his partition complaint and filed a reply to the appellant's counterclaim

for partition, asserting that the property was not subject to partition because of the ''homestead'' exception provided in Ark. Stat. Ann. § 34-1801 (Supp. 1979). Appellant's motion to strike the reply as being filed ''too late'' was overruled by the court. The chancellor found that the statute prevented partition and, therefore, denied appellant's counterclaim. Hence this appeal.

Appellant first contends that the lower court erred in finding that the appellee had not waived his right to defend the partition action. The thrust of her argument is that since appellee initially filed (3 years previously) a partition action, appellee had waived his right or is estopped to raise the ''homestead'' exception set forth in § 34-1801. The statute provides in pertinent part:

> Any persons having any interest in and desiring a division of land held in joint tenancy, in common, as assigned or unassigned dower, as assigned or unassigned courtesy [curtesy], or in coparceny, absolutely or subject to the life estate of another, or otherwise, or under an estate by the entirety where said owners shall have been divorced either prior or subsequent to the passage of this Act, except where the property involved shall be a homestead and occupied by either of said divorced persons . . .

Prior to the submission of this cause to the court, appellee had the absolute right to nonsuit his partition plea. Ark. Stat. Ann. § 27-1406 (Repl. 1979); *St. Louis, I.M. & S. Ry. Co.* v. *Ingram,* 118 Ark. 377, 176 S.W. 692 (1915); *Lewis* v. *Brown,* 232 Ark. 983, 341 S.W. 2d 772 (1961); and 27 C.J.S. Dismissal and Nonsuit § 20. Therefore, by filing and subsequently nonsuiting his partition plea, appellee did not waive his right nor was he estopped to raise the homestead exemption under § 34-1801.

Appellant argues that since the divorce failed to award possession of the property to either party, the appellee cannot claim the homestead exception in § 34-1801. Appellant's reliance on *Best* v. *Williams,* 260 Ark. 30, 537 S.W. 2d 793 (1976), is misplaced because that case involved the applica-

bility of the constitutional homestead exemption to a partition action and not the exception provided in § 34-1801. Here it appears undisputed that the appellee has lived on the property as his homestead for the past 52 years and in exclusive possession since their divorce in 1965. We hold that the chancellor correctly concluded that the homestead exception in § 34-1801 prevents partition of the property.

Affirmed.

Harris, C.J., not participating.