CITY OF VAN BUREN et al *v.*
64-71 HIGHWAY WATER COMPANY, INC.

80-181                                             605 S.W. 2d 419
Supreme Court of Arkansas
Opinion delivered September 29, 1980
Rehearing denied October 27, 1980

*Gary R. Cottrell* and *Warner and Smith*, by: *Wayne Harris*, for

appellant City of Van Buren Waterworks and Sewer Comm'n.

*Conrad O. Pugh*, for appellant City of Van Buren.

*Daily, West, Core, Coffman & Canfield* and *Gant & Gant*, for appellee.

GEORGE ROSE SMITH, Justice. Since 1956 the appellee, a small privately owned water company, has been engaged as a public utility in supplying water to residents of an area of about 13 square miles originally entirely outside the Van Buren city limits. The city, beginning in 1965, from time to time annexed parts of the area being served by the water company, including what is now the Dewey Ray residential subdivision. No conflict between the water company and the city's waterworks and sewer commission arose until construction was begun in the subdivision in 1978. At that time the city of Van Buren, which like the appellee buys its water from the city of Fort Smith, asserted the right to sell water within the subdivision in competition with the appellee.

The water company brought this action against the city and its waterworks and sewer commission for a declaratory judgment recognizing the company's exclusive right to sell water within the territory allocated to it by the Public Service Commission in 1956. The defendants concede that the water company is a public utility, but they insist that whatever right it has to serve the public is not an exclusive one. The circuit court, hearing the case without a jury, found that the water company has a certificate of convenience and necessity from the Public Service Commission giving it the exclusive right to sell water within its allocated territory. This appeal is from that decision. The Court of Appeals certified the case to us, partly because a constitutional issue is asserted on the water company's cross appeal, which we do not reach.

The appellant's most forceful argument is simply that the appellee does not have an order from the Public Service Commission specifically stating that the appellee is granted a certificate of convenience and necessity giving it the exclusive privilege of supplying water to the public in its territory. Even

so, the great weight of the evidence shows that in practical effect the appellee has such a certificate, as the trial judge found.

Sections 41 and 43 of Act 324 of 1935, which created what is now the Public Service Commission, dealt with certificates of convenience and necessity. Ark. Stat. Ann. §§ 73-240 and 73-242 (Repl. 1979). Neither section specified the form of such a certificate or even that it be in writing. That is merely a matter of form. The act, however, did empower the Commission to make rules of practice and procedure. § 73-202 (c). As we know by judicial notice, the Commission adopted such rules as far back as September 3, 1953. We need not examine the early rules, as the litigants in this case put into evidence only the current rules, which became effective March 5, 1976. Section 7 of those rules deals specifically with certificates of convenience and necessity.

Rule 7.01 provides that when such a certificate is required by Sections 41 and 43 of Act 324 (supra), it shall be obtained by application to the Commission. Rule 7.02, pertinent here, then treats the matter of an "Allocated Area":

> (a) Where the Commission has by its order authorized a public utility to serve within a municipality, territorial district, or other geographic area (hereinafter called an allocated area), *such order shall be considered a certificate of public convenience and necessity* to conduct and operate within such allocated area all distribution facilities and equipment necessary in the ordinary course *to serve all consumers, both present and future, located within such allocated area*. [Our italics.]

This water company's initial application to the Commission, in 1956, tracked the statute. It declared that the company was subject to the Commission's jurisdiction and was required to obtain a certificate of convenience and necessity. The application described the area to be served and asked, first, that the area be allocated to the applicant, and second, that the applicant be granted a certificate of convenience and necessity to furnish water service to customers in that area. The Commission's order, entered after a hearing, approved

the applicant's proposed rate schedule and specifically found: "There is no adequate supply of water presently available to the residents in said area, and it is, therefore, in the public interest to grant the application."

True, the order did not specifically recite that the applicant was granted an exclusive right to supply water to residents in the allocated area, but we do not see how the Commission could have intended anything else. Regulation 7.02, quoted above, refers to "all consumers, both present and future." Moreover, ever since 1956 the appellee has been recognized as a public utility by the Public Service Commission, which has regulated its rates, investigated its operations, specified its accounting practices, and received its annual reports. We need not dwell upon the wasteful duplication of facilities that would result if the city of Van Buren and the appellee were allowed to compete in this small area, with both of them being constitutionally entitled to a fair return upon the value of their rival distribution systems. The consumers would simply have to pay for two networks of pipe.

In affirming the trial court's judgment we need not and do not hold that every allocation of territory by the Commission amounts to an exclusive franchise to serve that area. We merely hold, viewing the evidence most favorably to the appellee, that the trial judge's findings are supported not merely by substantial evidence but by the great preponderance of the evidence.

Affirmed.