## Hall Caldwell RODGERS *v.* Oral Mae RODGERS

80-203                                        611 S.W. 2d 175
Supreme Court of Arkansas
Opinion delivered January 26, 1981
[Rehearing denied March 2, 1981.]

*John W. Hockett*, for appellant.

*Frederick S. "Rick" Spencer*, for appellee.

FRANK HOLT, Justice. Following a valid Texas divorce, appellee filed an action for partition of their real property in Arkansas which was held by her and appellant during their marriage as tenants by the entirety. After an evidentiary hearing, the chancellor found that the divorce obtained by appellee in Texas converted the tenancy by the entirety to a

tenancy in common, the property is subject to partition, and should be sold and divided equally between them. Appellant urges that the court erred in finding that the Texas divorce decree altered the title of the real property from one of tenancy by the entirety to one of tenancy in common and in not finding he was entitled to claim the estate by the entirety as his homestead under Ark. Stat. Ann. § 34-1801 (Supp. 1979) since he occupies it.

The parties retired and moved to Arkansas from Texas in 1970 and built their home here. In January, 1975, appellee left appellant and returned to Texas to live with her married daughter. In December of that year she filed for divorce in Texas, which was granted in May, 1976. In the meantime appellee had filed an action in Arkansas to enforce a temporary order of the Texas court regarding the couple's property. However, this action was dismissed in September, 1976, after the Texas divorce was granted. The chancellor in the Arkansas proceeding declined to give full faith and credit to the Texas decree, stating that the Texas court did not have in rem jurisdiction of the property and, therefore, the decree was unenforceable inasmuch as it attempted to divide the couple's property. He did not reach the question whether the Arkansas court had jurisdiction to order sale of the property and stated another action needed to be filed. No appeal was taken from this decision. Subsequently, the present partition action was filed.

Appellant argues that a foreign divorce decree cannot affect title to land in Arkansas, citing *Tolley* v. *Tolley*, 210 Ark. 144, 194 S.W. 2d 687 (1946). We agree. Even so, a study of two enactments of our legislature clearly indicates the intent of that body that an estate by the entirety should be dissolved by an Arkansas court when the marital status is terminated by divorce. Prior to 1947 an estate by the entirety could not be dissolved by the court pursuant to a divorce decree. However, the legislature in that year passed Act No. 340, § 1, Ark. Stat. Ann. § 34-1215 (Repl. 1962), which provided that chancery courts within Arkansas had the power to dissolve estates by the entirety upon the rendition of a final decree of divorce and treat the parties as tenants in common in the division and partition of this property. The emergency clause

stated the necessity of this enactment because of "injustices" resulting from the lack of power in the courts of equity to dissolve such estates upon dissolution of the marital status. That statute was amended in 1975, Ark. Stat. Ann. § 34-1215 (Supp. 1979), to provide that when any chancery court of Arkansas renders a final divorce decree, an estate by the entirety is *automatically* dissolved unless the court specifically provides otherwise.

Although we adhere to our long-standing rule that a foreign court's decree cannot, *ipso facto*, affect title to land in Arkansas, here an Arkansas court held an evidentiary hearing on a partition action following a Texas divorce decrree which was stipulated by both parties to be valid. Evidence was adduced that the appellant's and appellee's marriage spanned a period of 25 or 26 years except for a brief time in which they were divorced and remarried. They had lived and worked together in Texas before their retirement in Arkansas in 1970. She is 72 and he is 71 years of age now. They have no children from their marriage. Since the divorce, he has remarried and has continued to occupy the property, claiming it as his homestead. He acknowledged that, when he decided to sell the property, he would give appellee one-half of the proceeds. However, he desired to continue living there indefinitely.

Under our present statutes, which reflect public policy, dissolution of estates by the entirety should be permitted to avoid "injustices." Upon an Arkansas divorce the estate is automatically dissolved, unless the court provides otherwise, converting it into a tenancy in common in the division and partition of the property. The chancellor's hearing in the partition action here, in effect, amounted to a relitigation in an Arkansas court of the equitable interests of the parties.

In the circumstances, the chancellor correctly held the estate by the entirety should be converted to a tenancy in common, the property sold, the proceeds divided equally, and the appellant is not entitled to claim the property as his homestead.

As contended by the appellee, she is entitled to a

reasonable attorney's fee, pursuant to Ark. Stat. Ann. § 34-1825 (Supp. 1979), from the proceeds of the sale of the property.

Affirmed.

HICKMAN, J., concurs.

DARRELL HICKMAN, Justice, concurring. If I understand the majority's decision it has created a new cause of action or at least a new remedy. I am not opposed to such ideas but they should become law only when there is no remedy and this court has the power to create one. Neither is the case here.

First, I should state the facts, as I see them. Mr. and Mrs. Rodgers were domiciled in Arkansas. They owned a home in Arkansas held as an estate by the entirety — married people holding title with the survivor to hold it exclusively.

Mrs. Rodgers moved to Texas and filed for divorce. The Texas court, as some courts occasionally do, tried to dispose of the property in Arkansas. Of course, that court had no jurisdiction or authority to do that. Evidently, everyone, except the Texas court, concedes that.

Mrs. Rodgers brought the Texas decree to Arkansas and tried to enforce it. It apparently divided the property equally, attempted to make the estate by the entirety one in common — an estate held by two or more people that does not change on death of any owner. The Arkansas court refused to recognize that the Texas court had a right to alter title to Arkansas land. Everyone agrees the Arkansas court was right, except, perhaps, the Texas court.

Then Mrs. Rodgers filed another lawsuit, the one before us, seeking to partition the land under Arkansas law. There is a provision in our law for such a procedure. Ark. Stat. Ann. § 34-1801 says partition may be sought by:

Any persons having any interest and desiring a division of land held . . . , under an estate by the entirety where

said owners shall have been divorced either prior or subsequent to the passage of this Act, except where the property involved shall be a homestead and occupied by either of said divorced persons, . . .

It is my judgment the partition suit in this case was properly filed and partition should have been granted under this statute.

The majority seeks to use Ark. Stat. Ann. § 34-1215 as the basis of its decision. But that statute clearly provides that it applies *only* when an Arkansas court renders a divorce. It reads:

Hereafter when *any Chancery Court in this State* renders a final decree of divorce, any estate by the entirety or survivorship in real or personal property held by the parties to the divorce shall be automatically dissolved unless the Court order specifically provides otherwise, and in the division and partition of said property parties shall be treated as tenants in common [Emphasis added.]

What the majority is saying is, while Texas cannot change title to Arkansas land by changing an estate by the entirety to one in common, we can recognize that the estate is automatically dissolved by this statute by a Texas decree and order partition. The statute does not say that. The majority excuses itself by saying an Arkansas court has the parties before it and the issue is fairly litigated. What issue? Certainly not the divorce, it has been granted. Certainly not the equities between the parties, this is a partition suit. Since an Arkansas Court did not grant the divorce, the estate by the entirety was not automatically dissolved, a necessary finding before the majority's conclusion can be sustained.

No doubt the reason the majority avoids finding this was a pure partition suit justified and sustainable under Arkansas law, is because of the case of *Pascall* v. *Smith*, 267 Ark. 66, 588 S.W. 2d 700 (1979). That case was one where the wife could not get her half of property held by the entirety. She did not seek her half until almost seven years after the divorce. The divorce decree did not dissolve the es-

tate by the entirety and it was granted before § 34-1215 was passed. We reversed the case on its first appeal. *Pascall* v. *Smith*, 263 Ark. 428, 569 S.W. 2d 89 (1978). Her husband had sought to keep the property on a claim of adverse possession, a highly questionable way of obtaining title as between married people. On the next appeal, the wife had sought her half under the partition statute I have cited, Ark. Stat. Ann. § 34-1801. We held that the husband had a "homestead" in the property and it should not be partitioned. *Pascall* v. *Smith, id.* He had had the place for fifty-two years, been married for a short time and should not be dispossessed. The equities were on his side. We were perhaps wrong in applying the "homestead" principle in *Pascall* v. *Smith*, 267 Ark. 66, 588 S.W. 2d 700 (1979). At least we should have said what "homestead" means. In any event, it does not control our decision here.

The "homestead" exception in Ark. Stat. Ann. § 34-1801 does not mean merely that one person lives there; in my judgment it means homestead in the classical sense. A homestead is the house where the head of the family resides. It has come to mean an artificial estate devised to protect the possession and enjoyment of the owner against claims, so long as it is occupied. Black's Law Dictionary 660 (5th ed. 1979).

In a divorce proceeding a woman not having an "interest" in the land as a tenant by the entirety could be granted a right to live in the home for life — as her one-third of the property as provided in Ark. Stat. Ann. § 34-1214. *Biddle* v. *Biddle*, 206 Ark. 623, 177 S.W. 2d 32 (1944). The same is true even if the parties own the land by the entirety. The court can place one of the parties in possession, that is, let one live there and not divide the property and order it sold. *Yancey* v. *Yancey*, 234 Ark. 1046, 356 S.W. 2d 649 (1962). It is my judgment that this is what "homestead" means in the statute, a setting aside of a right by a court.

That leads to an analysis of this case. There was no finding Mr. Rodgers had a "homestead" in the property. On review of the record I find insufficient evidence to find one. Mrs. Rodgers simply left. It had been their home, not his.

There was no court order giving him possession. Therefore, he would not be justified in claiming a "homestead" exception to partition.

That conclusion leads back to the original question. Should partition be granted. It could, was ordered by the trial court, and can be sustained under Ark. Stat. Ann. § 34-1801. Such a finding will not necessitate creating a new cause of action, ignoring the clear language of Ark. Stat. Ann. § 34-1215 and, more importantly, will uphold the rule that a divorce in another state cannot change title to Arkansas land.

Mr. Rodgers argues as one of his points that the chancellor was wrong in ordering partition because he had a "homestead;" I disagree with this argument for the reasons stated. In any event *Pascall* v. *Smith, id*, is distinguishable. We review a chancery case *de novo* and do not remand it unless we cannot decide a question on the record. I could, as I have explained, and would affirm the decree for those reasons.