Mikel Wayne HOUSTON *v.* STATE of Arkansas

CR 87-85                                         739 S.W.2d 154

Supreme Court of Arkansas
Opinion delivered November 9, 1987

*Hale, Ward, Young, Green, Nixon, Jacobs & Hickey*, by: *Stephen R. Cobb*, for appellant.

*Steve Clark*, Att'y Gen., by: *Lee Taylor Franke*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Mikel Wayne Houston, was convicted of and sentenced to life imprisonment for the rape of his daughter who was less than fourteen years old. His

points on appeal are: (1) that the evidence was not sufficient to sustain his conviction, (2) that the bifurcated trial and sentencing procedure for habitual offenders is unfair, and (3)that the state's brief should be stricken because it asks that we take judicial notice of a matter which was not presented to the trial court. We find the evidence was sufficient and that the appellant has not demonstrated that he was prejudiced by the bifurcated trial and sentencing procedure. While we agree the state should not ask that we take judicial notice of a matter which should have been presented at trial, the state's error in this regard does not affect the outcome of the case. As we find no prejudicial error, the judgment is affirmed.

## 1. Sufficiency of the evidence

The appellant and the mother of the alleged victim are divorced. The appellant's daughter testified that one evening when she was visiting in the appellant's home she was sleeping in a bed with another child when she awakened to find the appellant next to her and felt his finger in her vagina. The appellant's home was also occupied by his brother and sister-in-law and his mother. There is some evidence that another child, a cousin, was visiting on the evening in question. The appellant's daughter testified that she told her aunt about what had happened, but her response was one of disbelief, and she told the appellant's daughter not to say such things. The daughter returned to the appellant's home some two weeks later, and she testified that on that occasion a similar event occurred. She did not tell her mother, but her mother heard about the incidents from relatives.

The contention of the appellant here is that there were others in the home who would have observed it had any such incident occurred, thus it cannot have happened. He also notes some inconsistencies in the testimony of his daughter and the reports she gave the authorities on such matters, such as the dates the incidents occurred. We need not detail the appellant's arguments on these matters, as none of them changes the fact that his daughter gave positive and unequivocal testimony that his finger penetrated her vagina. According to Ark. Stat. Ann. § 41-1803 (Supp. 1985), that is rape.

We have held many times that the alleged rape victim's testimony satisfies the requirement that there be substantial

evidence that the appellant committed the crime. *Sales* v. *State*, 291 Ark. 338, 724 S.W.2d 348 (1987); *Urquhart* v. *State*, 273 Ark. 486, 621 S.W.2d 218 (1981). We find no error on this point.

## 2. Bifurcated trial

When the state wishes to introduce evidence that an accused is an habitual offender by producing evidence of previous convictions, the jury is instructed to determine guilt or innocence. The state then presents evidence of previous convictions to the judge who, after ascertaining the number of previous convictions, informs the jury and instructs them as to sentencing of an habitual offender. Ark. Stat. Ann. § 41-1005 (Supp. 1985). The appellant contends that a seasoned juror will know an accused is an habitual offender if sentencing instructions are not given at the same time the jury is instructed with respect to the question of guilt or innocence.

This argument was rejected in *Burris* v. *State*, 291 Ark. 157, 722 S.W.2d 858 (1987), and in *Woods* v. *State*, 260 Ark. 882, 545 S.W.2d 912 (1977). In addition, the appellant made no objection at the time the jury was instructed, but raised the issue first in his motion for a new trial. That was too late. *Tosh* v. *State*, 278 Ark. 377, 646 S.W.2d 6 (1983).

## 3. Judicial notice

We need not decide whether to strike the state's brief as the appellant suggests, as the result would not be affected. However, for the benefit of the bar we will comment on the appellant's argument that the state should not have asked that this court take judicial notice of facts.

The appellant testified that the reason he had gotten into the bed with his daughter was that the night was cold, and he had fallen asleep on the couch and had awakened feeling cold, and was unable to find any covers. The state, in its brief, asks this court to take judicial notice of the officially established temperatures at the place and times of the alleged incidents, citing *Missouri Pacific Railroad Co.* v. *Magness*, 206 Ark. 1081, 178 S.W.2d 493 (1944), in which we reviewed a judgment arising out of a car and train collision. In our opinion we said, speaking of the date on which the wreck occurred: "On that day, the sun set at 7:07 p.m. War Time, a fact of which we take judicial notice." The opinion

does not indicate whether the trial court had been presented with evidence upon which the taking of judicial notice could have been based.

Arkansas Rules of Evidence 201 deals with judicial notice of facts. The rule does not expressly limit the taking of judicial notice to the trial court. This court has taken judicial notice of facts which were not presented to the trial court. *See City of Van Buren* v. *Highway Water Co.*, 270 Ark. 466, 605 S.W.2d 419 (1980) (date of adoption of rules by the Public Service Commission); *Rogers* v. *State*, 265 Ark. 945, 582 S.W.2d 7 (1979) (a circuit judge who might have offered testimony is now deceased); *Renfro* v. *State*, 264 Ark. 601, 573 S.W.2d 53 (1978) (Clay County is geographically located in the Second Judicial District).

In the case of *Pascall* v. *Smith*, 263 Ark. 428, 569 S.W.2d 89 (1978) (substitute opinion on rehearing), however, we held that it would be impermissible for this court to take judicial notice of a fact not presented to the trial court. There, the appellant had demurred to the appellee's claim of adverse possession, saying the appellee had not offered sufficient evidence of the date he gave notice of his adverse claim. The appellee had presented evidence that he had once spoken with the appellant about his claim, and stated that, although he could not remember the date of their conversation, they had also spoken about the recent death of a local sheriff. In our original opinion in the case we took judicial notice of the Secretary of State's records showing that the sheriff had died in February, 1966, and found in favor of the appellee. However, in the substitute opinion we declared that it was impermissible to take judicial notice of a fact not presented to the trial court.

Likewise in the case before us now we are asked to take judicial notice of a fact not presented at the trial where the appellant challenges the sufficiency of the evidence. Where a party challenges the sufficiency of the evidence to support the verdict, the opposing party may not offer additional evidence on appeal by way of judicial notice for the purpose of bolstering the sufficiency of its evidence. To hold otherwise would relieve the party of the burden of making its case at trial.

In conclusion, we note that the attorney general's brief makes no statement that the state has complied with Arkansas

Supreme Court and Court of Appeals Rule 11(f). We have, in order to save the time which would be required for rebriefing, examined the record and found no possibly meritorious objections made on behalf of the appellant which were overruled.

Affirmed.