Bruce Joseph TAYLOR *v.* STATE of Arkansas

CR 88-21                                              752 S.W.2d 2

Supreme Court of Arkansas
Opinion delivered June 20, 1988

*William R. Simpson, Jr.*, Public Defender, and *Steff Padilla*, Deputy Public Defender, by: *Bret Qualls*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was convicted of rape and aggravated robbery. He argues that the evidence was insufficient to sustain the convictions. The argument is without merit, and we affirm the judgments of conviction.

The prosecutrix testified that at about 8:30 p.m., on March 31, 1987, she left the Pizza Inn on Rodney Parham Road in Little Rock to deliver pizza to a customer who had placed his order by telephone. She drove to the address she had been given, went to the front door and knocked, but no one answered. She went back to her truck, and as she was getting in, she looked up and saw a man running toward her. She thought it was the customer who had ordered the pizza, so she waited for him.

When the man got to the front of her delivery truck, she realized that he had a mask on his forehead. As he got beside the door on the driver's side he pulled the mask down over his face. He whipped out a sawed-off shotgun which he had concealed under his jacket. He pointed the shotgun at her face and demanded money, which she gave him. He then told her to lie down on the ground and said that he would blow her brains out if she screamed. He then raped her.

After her assailant left, the prosecutrix ran to a neighboring house, and the police were called. Soon afterwards she was interviewed by a detective. Two or three weeks later the detective showed her a group of mug shots which did not include the appellant, and asked if her assailant's picture was in the group. She said no. Two weeks later he showed her another group of mug shots, which included a picture of the appellant, and she positively identified the appellant as the person who robbed and raped her.

At trial she testified that she was absolutely certain that the appellant was her assailant. She further testified that she could identify him because at the time of the attack, the area was well lit by street lights, by her headlights, and by the Pizza Inn sign on top of her truck.

On appeal, we review the evidence in the light most favorable to the appellee, and the judgment will be affirmed if there is substantial evidence to support the verdict. Substantial evidence must be of sufficient force and character to compel a conclusion one way or the other, passing beyond mere suspicion or conjecture. *Coleman* v. *State*, 283 Ark. 359, 676 S.W.2d 736 (1984). We have repeatedly held that a rape victim's testimony satisfies the requirement that there be substantial evidence that the defendant committed the crime. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988); *Houston* v. *State*, 293 Ark. 492, 739 S.W.2d 154 (1987). Further, it is the jury's province to judge the credibility of witnesses, and we will not disturb their judgment. *Lewis, supra.*

In this case the prosecutrix's identification of the appellant as the person who robbed and raped her was unequivocal. There was substantial evidence to support the verdict.

Affirmed.