Robert L. ROPER *v.* STATE of Arkansas

CR 88-45                                   756 S.W.2d 124

Supreme Court of Arkansas
Opinion delivered September 12, 1988

*Marc Aaron Kline*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joseph V. Svoboda*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Robert L. Roper, was convicted of rape and sentenced as an habitual offender. On appeal he argues that (1) the evidence was insufficient to support the verdict, and (2) the jurors were improperly influenced by a comment made just outside the jury room while they were deliberating. There is no merit in either argument, and we accordingly affirm.

The prosecutrix testified that around 3 o'clock in the afternoon she went to a fish fry at Murray Park in Little Rock. There she saw a friend, Eddie Matowitz, and began talking to him. Soon, they were joined by the appellant, whom she already knew. It began to rain, and the three of them decided to go to the appellant's house to watch a movie on television. The prosecutrix rode with appellant in his car as he drove to his house. Matowitz followed in his car. The three of them watched the two hour movie and, some time later, Matowitz left. The appellant then pulled out a butcher knife, grabbed the prosecutrix, and raped her at knife point.

Matowitz corroborated the fact that the prosecutrix was at the appellant's house, and other witnesses testified that the prosecutrix was hysterical later that evening.

The appellant argues that the testimony is insufficient to sustain the verdict because he established discrepancies in the testimony about (1) whether the prosecutrix first talked to the appellant or to Matowitz; (2) whether the prosecutrix and the appellant discussed getting some cocaine; and (3) the time of day when the rape occurred.

■ We have consistently held that the requirement of substantial evidence is satisfied by the rape victim's testimony alone. *Houston* v. *State*, 293 Ark. 492, 739 S.W.2d 154 (1987); *Sales* v. *State*, 291 Ark. 338, 724 S.W.2d 469 (1987); and *Sanders* v. *State*, 277 Ark. 159, 639 S.W.2d 733 (1982). We have reaffirmed our position on this point twice this year. *Taylor* v. *State*, 296 Ark. 89, 752 S.W.2d 2 (1988); and *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988). Stated differently, "the testimony of a victim of rape does not have to be corroborated by other testimony." *Urquhart* v. *State*, 273 Ark. 486, 621 S.W.2d 218 (1981). Thus, the prosecutrix's testimony alone is sufficient to satisfy the requirement of substantial evidence. Further, her testimony is not rendered insubstantial as a matter of law simply because of the discrepancies in the testimony. Discrepancies in testimony and credibility of witnesses are for the jury to resolve. *Wilkins* v. *State*, 292 Ark. 596, 731 S.W.2d 775 (1987). Here, the jury obviously chose to believe the prosecutrix's testimony that the appellant raped her.

■ Appellant next argues that the jurors were improperly influenced by a comment made just outside the jury room during deliberation. We deal perfunctorily with the argument because there is absolutely nothing in the record to indicate that anyone made any type of comment outside the jury room, and there was no objection or post-trial motion setting out the alleged comment. The alleged comment was not brought to the trial court's attention in any manner. We will not consider a matter in the absence of a record showing that the trial court erred in some way, *King* v. *Younts*, 287 Ark. 91, 643 S.W.2d 542 (1982), nor will we consider a matter for the first time on appeal. *Dean* v. *State*, 293 Ark. 75, 732 S.W.2d 855 (1987).

Affirmed.