Barry STEWART *v.* STATE of Arkansas

CR 88-125                                    762 S.W.2d 794

Supreme Court of Arkansas
Opinion delivered January 17, 1989

*William R. Simpson, Jr.,* Public Defender, by: *Howard W. Koopman,* Deputy Public Defender, for appellant.

*Steve Clark,* Att'y Gen., by: *Jeannette Denhammcclendon,* Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. The appellant was convicted of the rape of a ten-year-old girl and was sentenced to life imprisonment. On appeal he challenges the sufficiency of the evidence to support his conviction. We affirm the conviction.

The victim was the daughter of the appellant's former girlfriend. The child testified that in November of 1987, she and her younger cousin accompanied the appellant on a trip to a

laundromat. The appellant had brought along other children, who were his relatives.

The appellant told the victim he would take her to the store to get some candy. They left the laundromat alone, leaving the other children behind. After going to the store, the appellant drove to a dead-end street. At trial, the victim gave the following description of the incident:

He put his private spot inside of mine.

He got on top of me. He put his private spot in mine.

Q. When he got on top of you, what did he do then?

A. He started going up and down.

Q. Was he inside of you?

A. Yes.

The following January, the victim's two-year-old cousin was taken to the doctor and diagnosed as having gonorrhea. Consequently, all other members of the household were tested. The victim tested positive. At that point, she revealed that the appellant had raped her. The child's mother testified that her daughter had been withdrawn and had been in and out of the bathroom several times the night of the incident. But until the doctor's visit, the mother did not know of the rape.

The examining physician testified that the child's genital area showed no trauma or bruising, but she did in fact have gonorrhea, and the opening in her hymen was suspiciously large, indicating sexual abuse.

After the state's presentation of the above mentioned evidence, the defense moved for a directed verdict. The trial judge denied the motion.

Stewart's argument is the state's evidence was insufficient because the anatomical terms in the rape statute were not used by the victim in describing the incident. Stewart also argues that the state's witnesses were not credible.

■ The appellant was charged with having sexual intercourse with a person less than 14 years of age. Sexual intercourse is defined as penetration, however slight, of a vagina by a penis.

*See* Ark. Code Ann. § 5-14-101(9) (1987).

▪ In a rape case, the requirement of substantial evidence is satisfied by the rape victim's testimony alone. There need not be corroboration. *Roper* v. *State*, 296 Ark. 292, 756 S.W.2d 124 (1988). In this case the victim's testimony is sufficient *if* it can be said that her use of child-like terms to describe the act of intercourse constitutes substantial evidence.

▪ We have held that, even though a child may not use correct terms for a body part but instead uses his own terms or demonstrates a knowledge of what and where those body parts referred to are, that will be sufficient to allow the jury to believe that a rape occurred. *Jackson* v. *State*, 290 Ark. 375, 720 S.W.2d 282 (1986) (child victim asked if appellant touched her with his private parts); *see also Harris* v. *State*, 9 Ark. App. 253, 657 S.W.2d 566 (1983) (child victim testified appellant put his "twinkle" in her private place).

Here, the child said that the appellant was "inside" her and was on top of her and, while he was inside her, "started going up and down." The jury could conclude, without resort to speculation, that this was a child's description of sexual intercourse.

▪ The appellant's argument regarding credibility fails because that question is for the jury to resolve, not us. *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988). The jury chose to believe the child and to believe the doctor's opinion that sexual abuse had occurred.

We find the record contains no other reversible errors. Ark. Sup. Ct. Rule 11 (f).

Affirmed.