Jesse WILFORD v. STATE of Arkansas

CR 89-111                                        777 S.W.2d 855

Supreme Court of Arkansas
Opinion delivered October 16, 1989

*William R. Simpson, Jr.*, Public Defender, and *Thomas B. Devine III*, Deputy Public Defender, by: *Jerry J. Sallings*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Kelly A. Procter*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant, Jesse Wilford, was convicted of three counts of aggravated robbery and one count of rape. He argues that the evidence was not sufficient to support his conviction on one of the aggravated robbery charges. We affirm the judgment of conviction.

On October 8, 1988, three young women, Tammy, Angelia, and Chancela, attended a concert at the State Fair in Little Rock. When they were returning to their car later that night, they were approached by two males, one of whom was subsequently identified as appellant. Appellant pulled a pistol, held it to Tammy's chest, and demanded her wallet. She told him she did not have a wallet, but offered him all the change that she had in her pocket. He then waved the pistol at Chancela and Tammy. Chancela reached in her pocket and gave the second man all of her money. The second man then came around behind Angelia

and stuck his hands in her jean pockets. He then began to undress Angelia and subsequently raped her while appellant held the gun on Tammy and Chancela.

Appellant concedes that there was sufficient evidence to support his convictions for the rape of Angelia, and for aggravated robbery with respect to Tammy and Chancela. He argues, however, that there was not sufficient evidence to support his conviction for aggravated robbery with respect to Angelia.

On appeal, we review the evidence in the light most favorable to the appellee, and the judgment will be affirmed if there is substantial evidence to support the verdict. *Taylor v. State*, 296 Ark. 89, 752 S.W.2d 2 (1988). A person commits aggravated robbery if he commits robbery and is armed with a deadly weapon. Ark. Code Ann. § 5-12-103 (1987). A person commits robbery if, with the purpose of committing a theft, he employs or threatens to employ immediate physical force upon another. Ark. Code Ann. §§ 5-12-102 & 5-36-103 (1987). Intent or purpose to commit a crime is a state of mind which must be inferred from the circumstances because it is not ordinarily capable of proof by direct evidence. *Kinsey v. State*, 290 Ark. 4, 716 S.W.2d 188 (1986). A person is criminally liable for the conduct of another person when he is an accomplice of another person in the commission of an offense. Ark. Code Ann. § 5-2-402 (1987). A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, he aids or attempts to aid the other person in committing it. Ark. Code Ann. § 5-2-403 (1987).

Here, there was substantial evidence that the three (3) women were together when the appellant and an accomplice approached them. Appellant pulled a pistol, held the pistol to Tammy's chest, and demanded money. He then waved the pistol at Angelia and Chancela. Chancela handed over her money. Meanwhile, the accomplice stuck his hands in Angelia's pockets. The evidence is sufficient to support a conviction for aggravated robbery of Angelia.

Affirmed.