Christopher A. TINSLEY *v*. STATE of Arkansas

CR 99-156                                             993 S.W.2d 898

Supreme Court of Arkansas
Opinion delivered July 8, 1999

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mak Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Christopher A. Tinsley appeals the judgment of the Pulaski County Circuit Court convicting him of rape and sentencing him to life imprisonment. Our jurisdiction of this case is pursuant to Ark. Sup. Ct. R. 1-2(a)(2). For his sole point for reversal, Appellant argues that the trial court erred in denying his motion for directed verdict on the ground that his confession was not corroborated by other proof sufficient to establish that the victim had been raped. We find no error and affirm.

Appellant was charged with the rape of T.L., a seven-year-old girl, pursuant to Ark. Code Ann. § 5-14-103(a)(4) (Repl. 1997), which requires proof that he engaged in sexual intercourse or deviate sexual activity with a person under fourteen years of age. Definitions for the relevant terms are found in Ark. Code Ann. § 5-14-101 (Repl. 1997):

> (1) "Deviate sexual activity" means any act of sexual gratification involving:
>
> > (A) The penetration, however slight, of the anus or mouth of one person by the penis of another person; or
> >
> > (B) The penetration, however slight, of the labia majora or anus of one person by any body member or foreign instrument manipulated by another person;
>
> . . . .

(9) "Sexual intercourse" means the penetration, however slight, of the labia majora by a penis[.]

Appellant confessed to police that he raped T.L. by putting his penis inside her mouth, her vagina, and her anus. Despite his confession to the crime, Appellant argues that the trial court erred in denying his directed-verdict motion because the State failed to present corroborating evidence. Particularly, Appellant contends that there was no evidence of penetration. We disagree.

■ ■ A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *McGehee v. State*, 328 Ark. 404, 943 S.W.2d 585 (1997). The test on appeal is whether there is substantial evidence to support the verdict. *Jameson v. State*, 333 Ark. 128, 970 S.W.2d 785 (1998). Where, however, the challenge is limited to the sufficiency of the evidence corroborating the defendant's confession, our review is governed by Ark. Code Ann. § 16-89-111(d) (1987), which provides that "[a] confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that the offense was committed." This requirement for other proof, sometimes referred to as the corpus delicti rule, mandates only proof that the offense occurred and nothing more. *Mills v. State*, 322 Ark. 647, 910 S.W.2d 682 (1995). In other words, under the corpus delicti rule, the State must prove (1) the existence of an injury or harm constituting a crime and (2) that the injury or harm was caused by someone's criminal activity. *Ferrell v. State*, 325 Ark. 455, 929 S.W.2d 697 (1996). It is not necessary to establish any further connection between the crime and the particular defendant. *Rucker v. State*, 320 Ark. 643, 899 S.W.2d 447 (1995). Accordingly, we must determine whether, setting aside Appellant's confession, the evidence demonstrates that the crime of rape was committed by someone.

The record reflects that T.L., who was eight years old at the time of trial, testified that Appellant had lived in the same house as her mom and her brothers and sisters. She stated that Appellant hurt her by touching her "private." Using a diagram of a boy's anatomy, T.L. indicated that Appellant had touched her private area with his penis. The child also stated that Appellant's penis was hard, and that it hurt her "behind." She then stated that she

tried to get away from Appellant by sneaking out a window and going to a neighbor's house, where the neighbor called the police. She also stated that she went to the hospital and was subsequently taken home by her foster mother.

Dr. Rachel Roberson, a resident physician at the Arkansas Children's Hospital, testified that she examined T.L. for evidence of sexual abuse on October 23, 1997. The defense stipulated that Dr. Roberson is an expert in the field of sexual trauma. Dr. Roberson stated that prior to the exam, she obtained a history of the patient. She stated that she had been informed that T.L. had "disclosed having oral, anal and vaginal sex with the perpetrator." She stated that her exam revealed that the child had an abnormally thin or narrow hymen. She explained that such a condition in a young girl caused her to be "very highly suspicious" that the child had been penetrated by some object, thus causing the hymen to be narrow. She indicated that, theoretically, the child could have been born with a narrow hymen; however, she stated that neither she nor any other physician at Children's Hospital had ever seen such a genetic condition.

Dr. Roberson also testified that her exam of T.L. revealed that the child had diminished muscle tone in her anus. She explained that such a condition may be caused by hard stool; however, she was able to eliminate this cause based on her discovery that T.L. had soft stool. She stated that the presence of soft stool combined with the child's history made her even more suspicious that the diminished tone was from another cause. When asked what other things could cause diminished muscle tone in the anus, Dr. Roberson replied, "Penetration." She indicated that "[w]ith the given history, it was highly suspicious that the diminished tone was from penetration." Dr. Roberson stated that in her medical opinion, her findings were more consistent with chronic penetration, than with a single incident.

We conclude that the foregoing testimony establishes that T.L. was raped. The child, though admittedly scared while testifying, stated that Appellant touched her private area with his penis, which she correctly identified on the diagram of a boy's anatomy. She stated further that his penis was hard, and that it

hurt her behind. This evidence was sufficient to allow the jury to believe that a rape occurred, even though T.L. may not have used the correct terms for a body part, but instead used her own terms and demonstrated a knowledge of what and where those body parts referred to are. *See Stewart v. State*, 297 Ark. 429, 762 S.W.2d 794 (1989); *Jackson v. State*, 290 Ark. 375, 720 S.W.2d 282 (1986).

■ Correspondingly, the circumstantial medical evidence provided by Dr. Roberson supports the conclusion that the child was penetrated, vaginally and anally, with some object, thus supporting the charge of rape by deviate sexual activity. "Penetration can be shown by circumstantial evidence, and if that evidence gives rise to more than a mere suspicion, and the inference that might reasonably have been deduced from it would leave little room for doubt, that is sufficient." *Jackson*, 290 Ark. at 385, 720 S.W.2d at 287 (citing *Whitmore v. State*, 263 Ark. 419, 565 S.W.2d 133 (1978)). Dr. Roberson's status as an expert in the field of sexual trauma combined with her physical findings and conclusions as to the cause of the child's abnormal hymen and diminished muscle tone clearly give rise to more than a mere suspicion and leave little room for doubt that penetration occurred.

■ ■ Furthermore, Dr. Roberson testified that prior to examining T.L., she was informed that the child had disclosed having vaginal, anal, and oral *sex* with the perpetrator. This hearsay testimony was admitted without objection, although Appellant would later argue that it was inadmissible because the information was supplied by a social worker, not T.L. Because defense counsel did not object to the testimony, the trial court did not err in considering it. *Jones v. State*, 332 Ark. 617, 967 S.W.2d 559 (1998); *Brown v. State*, 330 Ark. 603, 954 S.W.2d 273 (1997). Hearsay evidence, when admitted, may constitute substantial evidence. *Johnson v. State*, 298 Ark. 617, 770 S.W.2d 128 (1989). *See also Jameson*, 333 Ark. 128, 970 S.W.2d 785 (holding that substantial evidence of rape may be found even though there was only a hearsay statement of the child victim). Accordingly, the testimony that T.L. had reported having sex with Appellant supports the conclusion that there was penetration.

In accordance with Rule 4-3(h) of the Arkansas Supreme Court Rules, the record has been reviewed for adverse rulings objected to by Appellant but not argued on appeal, and no such reversible errors were found. For the aforementioned reasons, the judgment of conviction is affirmed.