SLIP OPINION

Cite as 2014 Ark. App. 436

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR-13-722

DIMITRIA SINGLETON-HARRIS
APPELLANT

V.

STATE OF ARKANSAS
APPELLEE

Opinion Delivered September 3, 2014

APPEAL FROM THE MILLER COUNTY CIRCUIT COURT
[NO. CR-2012-361-2]

HONORABLE BRENT HALTOM, JUDGE

AFFIRMED

**JOHN MAUZY PITTMAN, Judge**

This is an appeal from convictions of the crimes of rape, kidnapping, aggravated assault, robbery, and aggravated residential burglary found to have been committed by appellant and her adult son, Demarcus Rayfield. Appellant argues that the evidence is insufficient to support her convictions of rape and kidnapping. We affirm.

In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State, *i.e.*, considering only the evidence that supports the verdict, and we affirm a conviction if there is substantial evidence to support it. *Rayfield v. State*, 2014 Ark. App. 123. Substantial evidence, which may be direct or circumstantial, is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Ellis v. State*, 2012 Ark. 65, 386 S.W.3d 485.

Viewed in the light of our standard of review, the record shows that the victim was having a sexual relationship with appellant's husband. On May 27, 2012, after appellant's

SLIP OPINION

husband left the victim's apartment, the victim heard a knock on her door. When the victim opened the door, appellant and Demarcus Rayfield pushed their way into her home. Appellant confronted the victim about her relationship with appellant's husband and threatened her. Rayfield then raised up the victim's negligee, exposing her, and told appellant to "look between [her] legs because [she] might be wet." Appellant then locked the door and punched the victim while Rayfield held her down. Then Rayfield began hitting the victim, and continued beating her after appellant had stopped. Appellant told Rayfield to "get that bitch" and to "keep that bitch quiet." Rayfield then choked the victim from behind to the point that she could not breathe, forced her down the hallway into the bedroom, and raped her orally and vaginally. Appellant came back to the bedroom and saw the victim naked on the bed in front of Rayfield, with Rayfield's genitals near her face. Appellant admitted that she saw blood from the beating on the victim's door and in her bedroom. Appellant returned to the living room and waited for her husband to return while Rayfield raped the victim. When asked what led her son, Rayfield, to drag the victim back to the bedroom, appellant stated that "it was probably part me."

Appellant concedes that there is substantial evidence to prove that Rayfield raped the victim but contends that the evidence is insufficient to prove that she was an accomplice to the rape. We do not agree. The elements of accomplice liability are defined by Arkansas Code Annotated § 5-2-403 (Repl. 2013), which provides:

> (a) A person is an accomplice of another person in the commission of an offense if, with the purpose of promoting or facilitating the commission of an offense, the person:

SLIP OPINION

       (1) Solicits, advises, encourages, or coerces the other person to commit the offense;

       (2) Aids, agrees to aid, or attempts to aid the other person in planning or committing the offense; or

       (3) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to prevent the commission of the offense.

     (b) When causing a particular result is an element of an offense, a person is an accomplice of another person in the commission of that offense if, acting with respect to that particular result with the kind of culpable mental state sufficient for the commission of the offense, the person:

       (1) Solicits, advises, encourages, or coerces the other person to engage in the conduct causing the particular result;

       (2) Aids, agrees to aid, or attempts to aid the other person in planning or engaging in the conduct causing the particular result; or

       (3) Having a legal duty to prevent the conduct causing the particular result, fails to make a proper effort to prevent the conduct causing the particular result.

Although it is true that mere presence at the scene of the crime does not make one an accomplice as a matter of law, *Pilcher v. State*, 303 Ark. 335, 796 S.W.2d 845 (1990), each participant is criminally liable for her own conduct and cannot disclaim responsibility because she did not personally take part in every act that went into making up the crime as a whole. *Bass v. State*, 2013 Ark. App. 55. A defendant is considered an accomplice if she takes some part in or performs some act involved in the commission of the crime; relevant factors in determining the connection of an accomplice to a crime are the presence of the accused in the proximity of a crime, the opportunity to commit the crime, and association with a person involved in a manner suggestive of joint participation. *Id.* Here, appellant not only

3

accompanied Rayfield to the victim's apartment, but she also assisted him in beating her and encouraged him to "get" her. Furthermore, we think that a jury could properly find that Rayfield's forcible exposure of the victim to appellant early in the course of the crime shows that appellant was aware of the likelihood of the commission of the crime, and could reasonably be found to be an accomplice within the terms of section 5-2-403. *See Hallman v. State*, 264 Ark. 900, 575 S.W.2d 688 (1979).

Appellant next argues that the evidence is insufficient to support her conviction for kidnapping. A person commits the offense of kidnapping if, without consent, the person restrains another person so as to interfere substantially with the other person's liberty with the purpose of, *inter alia*, facilitating the commission of any felony or flight after the felony; inflicting physical injury upon the other person; engaging in sexual intercourse, deviate sexual activity, or sexual contact with the other person; or terrorizing the other person. Ark. Code Ann. § 5-11-102(a)(3) through (a)(6) (Repl. 2013). A kidnapping charge is proper when the restraint exceeds that normally incident to the underlying crimes—here, aggravated assault, rape, and robbery. *See Smith v. State*, 318 Ark. 142, 883 S.W.2d 837 (1994). Restraint alone will suffice; removal is not required. *Id.* The State need only prove that the accused restrained the victim so as to interfere with the victim's liberty, without consent, for a specific purpose outlined in the statute. *Ellis v. State*, 279 Ark. 430, 652 S.W.2d 35 (1983). It is the quality and nature of the restraint, rather than its duration, that determines whether a kidnapping charge can be sustained. *Cook v. State*, 284 Ark. 333, 681 S.W.2d 378 (1984). Factors to be considered in determining whether a separate kidnapping conviction is

SLIP OPINION

supportable include whether the restraint (1) prevented the victim from summoning assistance; (2) lessened the defendant's risk of detection; or (3) created a significant danger or increased the victim's risk of harm. *Lee v. State*, 326 Ark. 529, 932 S.W.2d 756 (1996). Here, Rayfield's act of choking the victim and obstructing her airway, performed after appellant had instructed him to "keep that bitch quiet," could properly be found to have satisfied all three of these factors. We hold that substantial evidence supports appellant's conviction of kidnapping.

For her final argument, appellant asserts that the trial court failed to use its discretion when ordering that her sentences be served consecutively. We do not address this issue because the appellant failed to object to the trial court's decision to run the sentences consecutively; the issue is therefore not preserved for appellate review, and we must affirm the trial court's ruling. *Mixon v. State*, 330 Ark. 171, 954 S.W.2d 214 (1997).

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Cullen & Co., PLLC*, by: *Tim J. Cullen*, for appellant.