
# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–16–218

|  |  |  |
|---|---|---|
| SHAUN ALLEN | | **Opinion Delivered:** November 9, 2016 |
| | APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NO. 23CR–2014–505] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHARLES E. CLAWSON, JR., JUDGE |
| | APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Appellant Shaun Allen was convicted by a Faulkner County jury of two counts of rape. On appeal, he contends that the circuit court abused its discretion and committed reversible error by admitting into evidence prior consistent statements of the victim, M.R. He also argues that the circuit court erred in denying his motions for directed verdict on both counts of rape. We affirm.

A motion for a directed verdict is a challenge to the sufficiency of the evidence, *Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424, and although this is Allen's second point on appeal, double-jeopardy considerations require this court to consider a challenge to the sufficiency of the evidence before the other issues on appeal. *See Jones v. State*, 340 Ark. 331, 78 S.W.3d 104 (2002).

When the sufficiency of the evidence is challenged on appeal from a criminal

conviction, we consider only that proof that supports the conviction. *Singleton-Harris v. State*, 2014 Ark. App. 436, 439 S.W.3d 720. We view that evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. *Davis v. State*, 2011 Ark. App. 261, 378 S.W.3d 873. We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Clayton v. State*, 2011 Ark. App. 692. The jury is free to believe all or part of a witness's testimony, and we do not weigh the credibility of witnesses on appeal, as that is a job for the fact-finder and not the appellate court. *Sizemore v. State*, 2015 Ark. App. 295, 462 S.W.3d 364.

A person commits rape if "he engages in sexual intercourse or deviate sexual activity with another person who is less than fourteen (14) years of age." Ark. Code Ann. § 5-14-103(a)(3)(A) (Repl. 2013). Sexual intercourse is penetration, however slight, of the labia majora by a penis. *See* Ark. Code Ann. § 5-14-101(11). Deviate sexual activity is defined by statute as any act of sexual gratification involving (A) the penetration, however slight, of the anus or mouth of a person by the penis of another person; or (B) the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1).

Viewing the evidence, as we must, in the light most favorable to the State, the record reflects that Allen is M.R.'s stepfather's brother. Twelve-year-old M.R. testified at trial that Allen "put his middle in my middle." When asked by the State to clarify what middle part she was talking about, M.R. stated that Allen "put his middle part where he pees from into

my middle part where I pee from." M.R. also testified that she saw both Allen and Ronald White's "middle" and that they differed in length and width.[1]

Allen argued in his motion for directed verdict that M.R. never testified that he put his penis or any other part of his body into her vagina. However, M.R.'s use and description of the word "middle" demonstrated knowledge of the location of the penis and the vagina on the human body. A child victim's use of her own terms for body parts, rather than the correct anatomical terms, is sufficient evidence if it demonstrates a knowledge of what those body parts are and where they are located on the body. *Tinsley v. State*, 338 Ark. 342, 346, 993 S.W.2d 898, 900 (1999).

Allen also claims that M.R. was unable to give a full and detailed account of his actions, and therefore, there was insufficient proof that he had raped her. But, in rape cases, the requirement of substantial evidence is satisfied by the rape victim's testimony. *Bishop v. State*, 310 Ark. 479, 484, 839 S.W.2d 6, 9 (1992). The uncorroborated testimony of a rape victim that shows penetration is sufficient evidence for a conviction. *Lamb v. State*, 372 Ark. 277, 282, 275 S.W.3d 144, 148 (2008). M.R. testified that Allen molested her when she was ten years old, which was sufficient to satisfy the statutory element requiring that the victim be less than fourteen years old.

When asked by the State what she meant when she said Allen "molested" her, she replied that he "had sex with me." She then elaborated as to what she meant by having "sex with me," and replied that Allen "put his middle part where he pees from into my middle part where I pee from." As noted above, it was established that M.R.'s terms "his middle"

---

[1] Ronald White was M.R.'s stepfather.

refs to Allen's penis and "my middle" refers to M.R.'s vagina.

While a rape victim's testimony need not be corroborated by forensic evidence, additional evidence was introduced during trial that supported her testimony. Semen was found on M.R.'s panties, and forensic DNA analyst Sarah Stoeckel gave expert testimony that established, within all scientific certainty, that the DNA on the panties belonged to Allen.

M.R.'s testimony, corroborated by forensic expert testimony, is more than substantial evidence to show that Allen raped her. The jury was not required to resort to speculation or conjecture in reaching its verdicts. Accordingly, we affirm.

Allen's argument that the circuit court abused its discretion by admitting M.R.'s prior consistent statements is not preserved for our review. Trial courts are afforded wide discretion in evidentiary rulings, and an appellant must demonstrate an abuse of discretion resulting in prejudice to justify reversal. *McCoy v. State*, 354 Ark. 322, 123 S.W.3d 901 (2003). Allen argues that the circuit court erroneously allowed a hearsay statement under the prior-consistent-statement exception. Ark. R. Evid. 801(d)(1). However, Allen never objected or raised the hearsay arguments in the circuit court that he now argues on appeal. Therefore, this argument is not preserved for appellate review. It is well settled that we will not consider arguments that are raised for the first time on appeal. *Johnson v. State*, 2009 Ark. 460, 344 S.W.3d 74 (per curiam) (citing *Green v. State*, 362 Ark. 459, 209 S.W.3d 339 (2005)). As such, we will not address this argument.

For the foregoing reasons, we affirm.

 

Affirmed.

GLADWIN, C.J., and WHITEAKER, J., agree.

*Jonathan T. Lane*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.