

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–16–995

| | |
|---|---|
| ANDREW LEE WISEMAN, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** JUNE 7, 2017<br><br>APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT<br>[NO. 29CR–14–199–1]<br><br>HONORABLE RANDY WRIGHT, JUDGE<br><br>AFFIRMED |

## N. MARK KLAPPENBACH, Judge

Appellant Andrew Lee Wiseman was convicted of raping his cousin SW when she was fourteen years old. Appellant was tried before a jury in Hempstead County Circuit Court, and he was sentenced to forty years in prison. Wiseman appeals his conviction, arguing that the trial court erred in denying his motion for directed verdict that challenged the sufficiency of the State's proof of penetration. We affirm.

On appeal, the appellate courts treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. The appellate court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Id*. Substantial evidence is evidence that is forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id*. The evidence is viewed in the light most favorable to the verdict, and only evidence supporting the verdict will be considered. *Starling v. State*, 2016 Ark. 20, 480 S.W.3d 158. Variances and discrepancies in the proof go to the weight or credibility of the evidence and are matters for the fact-finder

to resolve. *Id*. The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id*. Accordingly, when there is evidence of a defendant's guilt, even if it is conflicting, it is for the jury as fact-finder to resolve, not the court. *Id*.

Appellant, a man in his early thirties, was charged with committing rape against his teenage first cousin SW. The following citations of Arkansas law are applicable to the appeal before us. According to Arkansas Code Annotated section 5-14-103(a)(4)(A)(iv) (Repl. 2013), a person commits rape if he or she engages in sexual intercourse or deviate sexual activity with another person who is a minor and the defendant is the victim's first cousin. Arkansas Code Annotated section 5-14-101(11) defines "sexual intercourse" as "penetration, however slight, of the labia majora by a penis." A rape victim's testimony may constitute substantial evidence to sustain a conviction for rape, even when the victim is a child. *Brown v. State*, 374 Ark. 341, 288 S.W.3d 226 (2008). The rape victim's testimony need not be corroborated, nor is scientific evidence required. *Id*. More particularly, testimony of the victim that shows penetration is enough for conviction. *Kelley v. State*, 375 Ark. 483, 292 S.W.3d 297 (2009).

The following is an examination of evidence presented at this jury trial,[1] viewed in the

---

[1]We note that the abstract contains irrelevant material, such as arraignment and pretrial hearings, the process of jury selection, chain-of-custody testimony, and the trial court's giving of jury instructions. We caution appellant's counsel that this is excessive and not in compliance with Arkansas Supreme Court Rule 4-2(a)(5)(2016). *See Patton v. State*, 2013 Ark. App. 131. We also caution counsel that the addendum improperly contains irrelevant discovery-related motions that are not essential or pertinent to the issue on appeal. *See* Ark. Sup. Ct. R. 4-2(a)(8).

light most favorable to the jury's verdict. SW was sixteen years old at the time of trial. She testified for the State. SW described going to appellant's house for a family barbecue on Sunday, July 6, 2014. SW said that at some point she went to use the bathroom, and as she was pulling up her clothing, appellant came into the bathroom. Appellant then forced himself on SW, stating that he "had been waiting to get at [her] for the longest[.]" SW said that she understood what sexual intercourse was, that appellant put his penis in her vagina and moved continually, and that it hurt. She said that appellant told her not to tell anyone and that he would buy her a phone. When he was done, SW cleaned herself with tissue and saw a little blood and "clear stuff" on the tissue. SW was scared and shaken by the experience; she did not report the rape immediately. When she did report that she had been raped, she at first said it was her stepfather who had done it, and she gave other particular details that were untrue. SW subsequently identified her cousin, appellant, as the person who had raped her. SW admitted at trial that she had lied at first, but she did not have an explanation for why she had lied. SW positively identified appellant in open court as the person who had raped her at the barbecue at his house.

The evidence at trial also included the testimony of state-crime-laboratory personnel (a forensic serologist and an expert forensic DNA analyst) who confirmed that testing of a swab taken from inside SW's vagina[2] during a sexual-assault examination conducted on July

---

[2]The nurse who conducted the examination had testified that the swab sample was taken from the vaginal vault, which is not in the outer area of the labia but rather "up into the body."

8, 2014, revealed the presence of sperm. The DNA testing identified appellant as the source of that DNA within all scientific certainty. SW's stepfather was excluded as a contributor to this DNA sample.

A law enforcement officer testified that SW was incoherent and did not make much sense when she was first interviewed on July 8; she was slow to answer and seemed disoriented. It was at this interview that SW identified her stepfather as the perpetrator. However, at the second interview conducted on July 14, the officer said that SW made much more sense, was coherent, and was "clear eyed and focused." It was at this interview that SW identified appellant as the man who had raped her, denying that it was her stepfather.

At the end of the State's case, appellant's attorney moved for directed verdict arguing that the State had failed to prove that appellant penetrated SW for purposes of the rape statute. The trial court denied the motion.

Appellant took the stand and denied the allegations, stating that he and his girlfriend had sexual intercourse immediately prior to the barbecue. Appellant also stated that there was no toilet tissue in his bathroom, so he had to go to the store to buy some during the party. Appellant's girlfriend corroborated appellant's version of events, stating that she and appellant had sexual intercourse before the barbecue, that she then used a towel in the bathroom to clean herself, and then she left that towel in the bathroom.

After the defense's case, defense counsel renewed the motion for directed verdict, which was denied. The jury found appellant guilty of rape, resulting in the conviction and

SLIP OPINION

sentence that appellant now appeals.

Appellant argues that SW had lied and was not credible, such that his conviction is not supported by sufficient evidence. We disagree. Any inconsistencies in SW's testimony were for the jury to resolve; it is not an issue for the appellate court. *Allen v. State*, 2016 Ark. App. 537, 506 S.W.3d 278. The uncorroborated testimony of a rape victim that shows penetration is sufficient evidence for a rape conviction. *Lamb v. State*, 372 Ark. 277, 275 S.W.3d 144 (2008). While a rape victim's testimony need not be corroborated by forensic evidence, additional evidence was introduced during trial that supported SW's testimony. Semen was found inside SW's vagina, and the forensic DNA analyst gave expert testimony that established, within all scientific certainty, that the DNA originated from appellant. While appellant attempted to explain away this incriminating evidence, there was sufficient evidence from which the jury could conclude that appellant committed rape against SW.

Affirmed.

GRUBER, C.J., and HIXSON, J., agree.

*Anthony S. Biddle*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Amanda Jegley*, Ass't Att'y Gen., for appellee.