# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2400
_____

United States of America

*Plaintiff - Appellee*

v.

Cornelius Coleman, also known as Cornbread

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: January 17, 2019
Filed: March 18, 2019
_____

Before BENTON, MELLOY, and KELLY, Circuit Judges.
_____

KELLY, Circuit Judge.

Cornelius Coleman pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Coleman under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 15 years of imprisonment, the statutory minimum sentence. Coleman appeals, challenging the ACCA enhancement. Because Coleman did not object to the enhancement at sentencing, we review for plain error, affirming his sentence unless

he can show (1) an error; (2) that is plain; (3) that affects his substantial rights; and (4) that seriously affects "the fairness, integrity, or public reputation of judicial proceedings." United States v. Boman, 873 F.3d 1035, 1040 (8th Cir. 2017) (quoting United States v. Olano, 507 U.S. 725, 732 (1993)).

To enhance a defendant's sentence under the ACCA, the court must identify three predicate convictions, either violent felonies or serious drug offenses, in the defendant's criminal history. Here, the district court applied the ACCA based on Coleman's 2006 Arkansas conviction for kidnapping and two prior convictions for serious drug offenses. On appeal, Coleman challenges the use of the kidnapping conviction as a predicate. Kidnapping is not an enumerated offense under the ACCA, so it may qualify as a violent felony only if it satisfies the ACCA's force clause, that is, if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(i). To determine whether a prior conviction meets this definition, "courts look to the elements of the crime of conviction, not the underlying facts." Boman, 873 F.3d at 1040 (citing Mathis v. United States, 136 S. Ct. 2243, 2248 (2016)).

Arkansas Code § 5-11-102, the statute that criminalizes kidnapping, provides:

(a) A person commits the offense of kidnapping if, without consent, the person restrains another person so as to interfere substantially with the other person's liberty with the purpose of:
    (1) Holding the other person for:
        (A) Ransom or reward; or
        (B) Any other act to be performed or not performed for the other person's return or release;
    (2) Using the other person as a shield or hostage;
    (3) Facilitating the commission of any felony or flight after the felony;
    (4) Inflicting physical injury upon the other person;

(5) Engaging in sexual intercourse, deviate sexual activity, or sexual contact with the other person;

(6) Terrorizing the other person or another person; or

(7) Interfering with the performance of any governmental or political function.

(b)(1) Kidnapping is a Class Y felony.

The government concedes that § 5-11-102 is overbroad, as one may commit the offense of kidnapping without using, attempting to use, or threatening to use physical force.[1]  But the government argues that § 5-11-102 is divisible—that is, that the nefarious "purposes" listed in subsections (a)(1) through (a)(7) are elements of seven different crimes—and that Coleman was convicted under subsection (a)(6), which has as an element the use of physical force.  To determine whether a statute lists elements of different crimes, or instead lists alternative means of committing a single crime, we look to the statute itself and state court decisions interpreting the statute.  See Mathis, 136 S. Ct. at 2256.

The text of § 5-11-102 names only one offense—kidnapping—and defines that offense as "a class Y felony" regardless of which nefarious purpose is used.  The statutory text suggests, therefore, that subsections (a)(1) through (a)(7) list means, not elements.  Cf. id. ("If statutory alternatives carry different punishments, then . . . they must be elements.").

Arkansas courts treat the nefarious purposes listed in § 5-11-102(a) as means, not elements.  In Hill v. State, the defendant was originally charged with kidnapping in violation of § 5-11-102(a)(4); an amended information was later filed, which included new allegations under subsections (a)(3) and (a)(6).  257 S.W.3d 534, 537 (Ark. 2007).  The Supreme Court of Arkansas explained that "the amendment did not

---

[1] The overarching element of "restraint" listed in subsection (a) might seem to be the most logical element to satisfy the force clause, but Arkansas defines "restraint" to include restraint by "deception."  See Ark. Code Ann. § 5-11-101(3)(A).

change the nature of the kidnapping charge; rather, it amended the manner in which the alleged kidnapping took place." Id. at 538. Arkansas's appellate court conceives of § 5-11-102 similarly. See Singleton-Harris v. State, 439 S.W.3d 720, 723 (Ark. Ct. App. 2014) ("The State need only prove that the accused restrained the victim so as to interfere with the victim's liberty, without consent, for a specific purpose outlined in the statute.").

Arkansas's model jury instructions reinforce the treatment of the nefarious purposes as means, not elements. See United States v. McMillan, 863 F.3d 1053, 1057 (8th Cir. 2017) ("We may use a state's model jury instructions to 'reinforce' our interpretation of the means or elements inquiry."). The model instructions list only two elements: first, restraining the victim without consent so as to interfere substantially with the victim's liberty; and second, doing so with a specific purpose. The nefarious purposes are then listed in the alternative, suggesting that they are alternative means to fulfill a single element. Ark. Model Jury Instr. Crim. 2d 1101. Arkansas trial courts have at times instructed the jury on multiple nefarious purposes in the disjunctive, see, e.g., Sasser v. State, 993 S.W.2d 901, 908 (Ark. 1999) (per curiam), further supporting the conclusion that the purposes are means. Cf. Mathis, 136 S. Ct. at 2257 (explaining that jury instructions "referencing one alternative term to the exclusion of all others" could indicate "that the statute contains a list of elements").

Because § 5-11-102 lists alternative means, it is indivisible. The government concedes that without division, Arkansas's kidnapping statute does not qualify as a violent felony. Therefore, Coleman does not have three predicate offenses and the district court plainly erred in sentencing him under the ACCA. The error affects Coleman's substantial rights and the fairness and integrity of judicial proceedings, because without the ACCA enhancement, his statutory maximum sentence is five years shorter than the sentence he received, and his advisory Guidelines range is

likely shorter, too.  See Boman, 873 F.3d at 1043.  Thus, we reverse and remand for resentencing in accordance with this opinion.

_____