# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1664
_____

United States of America

*Plaintiff - Appellee*

v.

Antonio Escobar

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: November 30, 2020
Filed: December 3, 2020
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Antonio Escobar appeals after he pled guilty to being a felon in possession of a firearm. The district court[1] sentenced him under the Armed Career Criminal Act (ACCA) to 180 months in prison.

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Counsel has moved for leave to withdraw, and filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that Escobar's prior drug convictions do not qualify as predicate offenses for purposes of the ACCA, and that the sentence is substantively unreasonable. This court concludes that the district court did not plainly err in sentencing Escobar as an armed career criminal. *See* 18 U.S.C. § 924(e) (felon in possession who has three previous convictions for "serious drug offense" shall be imprisoned not less than 15 years); *United States v. Coleman*, 918 F.3d 592, 593 (8th Cir. 2019) (standard of review); *United States v. Winston*, 850 F.3d 377, 380 (8th Cir. 2017) (to demonstrate plain error defendant must show (1) error, (2) that is clear or obvious under current law, (3) which affected his substantial rights, and (4) seriously affects fairness, integrity, or public reputation of judicial proceedings). The sentence is not substantively unreasonable because the record reflects that the district court properly considered the factors set forth in 18 U.S.C. § 3553(a), and imposed the statutory minimum sentence. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (abuse of discretion occurs when court fails to consider relevant factor, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factor); *United States v. St. Claire*, 831 F.3d 1039, 1043 (8th Cir. 2016) (within-Guidelines sentence is accorded presumption of substantive reasonableness on appeal); *United States v. Woods*, 717 F.3d 654, 659 (8th Cir. 2013) (statutory minimum sentence was not substantively unreasonable). This court has independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and found no other nonfrivolous issues for appeal.

The judgment is affirmed. Counsel's motion to withdraw is granted.

_____