Cite as 2021 Ark. App. 122

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR–20–430

| | |
|---|---|
| ALBERT MARVIN ARELLANO<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** March 17, 2021<br><br>APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. 04CR–18–1052]<br><br>HONORABLE BRADLEY LEWIS KARREN, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

A Benton County jury convicted Albert Marvin Arellano of rape. Arellano appeals his conviction and argues that the circuit court erred by denying his directed-verdict motion because the State did not present substantial evidence of penetration. We affirm.

At trial, J.T., who was fifteen years old, testified that Arellano is her father's cousin. She stated that during the early morning hours of May 28, 2018, she was asleep in her bedroom when she was awakened because her "private spot hurted."[1] She stated that she saw Arellano and then yelled for her mother.

When the prosecutor asked J.T. where her "private spot" is on her body, J.T. responded that her private spot is "the opening, vagina." She also referenced a diagram of the

---

[1] J.T. was thirteen years old at the time of the rape.

female anatomy. When asked whether Arellano touched the inside or outside of her "private spot," J.T. stated, "I think it was inside." J.T. explained that she thought Arellano had touched the inside of her "private spot" because "it hurt."

On cross-examination, J.T. admitted that she had told a child-advocacy interviewer that she did not know whether Arellano penetrated her vagina. Arellano's attorney then asked J.T., "[A]re you still not sure if something was inside or outside your vagina?" She responded, "Yes, I'm not sure."

J.T.'s mother, Maria Trabanino, testified that on May 28, 2018, J.T. woke her up and told her that Arellano had touched her with his hand. She stated that her neighbor called 911, and when they were waiting for the police to arrive, J.T. told her, "I woke up to Marvin touching me and touching my vaginal area and anally, his hand was all the way in my anus or in my underwear and that's how I woke up."

Detective Braswell with the Benton County Sheriff's Office testified that he responded to the 911 call at J.T.'s house. Braswell spoke with Trabanino, who reported to him that J.T. had said that Arellano "put his hands down her underwear, then put his finger around her anal area," but J.T. "wasn't clear on if [Arellano] had penetrated her at that time." Detective Braswell did not speak with J.T.

Amber O'Malley testified that she is a sexual-assault nurse and that she examined J.T. following the incident with Arellano. She stated that J.T. reported to her that she was unsure whether Arellano had penetrated her "past the labia majora, which are the outer fleshly structures." She explained that during her examination, she collected J.T.'s underwear and swabbed her outer labia, inner labia, and rectum.

Jennifer Beaty, a DNA supervisor for the Arkansas State Crime Laboratory, testified that the swabs of J.T.'s outer labia, inner labia, and rectum contained male DNA, but there was not enough for a profile. She stated that a tape lift[2] of the outside of J.T.'s underwear revealed DNA consistent with Arellano's specific DNA profile. She further testified that a tape lift of the inside of J.T.'s underwear contained DNA consistent with Arellano and his paternal male relatives; however, it did not contain enough DNA to distinguish among the different family members.

At the conclusion of the State's case, Arellano moved for a directed verdict and argued that the State failed to offer evidence of penetration. The court denied the motion. The jury later convicted Arellano of rape, and he was sentenced to twenty-five years in prison. This appeal followed.

On appeal, Arellano argues that the circuit court erred by denying his directed-verdict motion because the State presented insufficient evidence that he engaged in deviate sexual activity with J.T. Specifically, he argues that J.T. could not testify whether penetration had occurred.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Steele v. State*, 2014 Ark. App. 257, 434 S.W.3d 424. When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we consider only that proof that supports the conviction. *Singleton-Harris v. State*, 2014 Ark. App. 436, 439 S.W.3d 720. We view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the

___

[2]Beaty explained that a tape lift is a piece of packaging tape that has been rubbed across an item to retain transfer DNA or skin cells.

3

State. *Davis v. State*, 2011 Ark. App. 261, 378 S.W.3d 873. We will affirm if the finding of guilt is supported by substantial evidence. *Id.* Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Clayton v. State*, 2011 Ark. App. 692. The jury is free to believe all or part of a witness's testimony, and we do not weigh the credibility of witnesses on appeal as that is a job for the fact-finder and not the appellate court. *Sizemore v. State*, 2015 Ark. App. 295, 462 S.W.3d 364.

A person commits rape if he engages in sexual intercourse or deviate sexual activity with another person by forcible compulsion. Ark. Code Ann. § 5-14-103(a)(3)(A) (Supp. 2019). Deviate sexual activity is any act of sexual gratification involving (A) the penetration, however slight, of the anus or mouth of a person by the penis of another person; or (B) the penetration, however slight, of the labia majora or anus of a person by any body member or foreign instrument manipulated by another person. Ark. Code Ann. § 5-14-101(1).

Our appellate courts have repeatedly held that the uncorroborated testimony of a rape victim that shows penetration is sufficient evidence for a conviction. *Lamb v. State*, 372 Ark. 277, 275 S.W.3d 144 (2008). Further, "[p]enetration can be shown by circumstantial evidence, and if that evidence gives rise to more than a mere suspicion, and the inference that might reasonably have been deduced from it would leave little room for doubt, that is sufficient." *Tinsley v. State*, 338 Ark. 342, 346, 993 S.W.2d 898, 900 (1999) (quoting *Jackson v. State*, 290 Ark. 375, 385, 720 S.W.2d 282, 287 (1986)). A child victim's use of her own terms for body parts, rather than the correct anatomical terms, is sufficient evidence if it demonstrates knowledge

of what those body parts are and where they are located on the body. *Tinsley*, 338 Ark. 342, 993 S.W.2d 898; *Allen v. State*, 2016 Ark. App. 537, 506 S.W.3d 278.

In viewing the evidence in the light most favorable to the State, we hold that the State presented substantial evidence of penetration. J.T. testified that Arellano touched her "private spot" and that her "private spot" is "the opening, vagina." She deduced that Arellano touched the inside of her "private spot" because "it hurt." Any inconsistencies in J.T.'s testimony were for the jury to resolve; it is not an issue for the appellate court. *Wiseman v. State*, 2017 Ark. App. 371, 526 S.W.3d 371; *Allen*, 2016 Ark. App. 537, 506 S.W.3d 278. Further, male DNA was found on the swabs of J.T.'s inner labia and rectum. Arellano's DNA profile was found on the outside of J.T.'s underwear, and DNA consistent with Arellano and his paternal male relatives was found on the inside of J.T.'s underwear. We therefore affirm Arellano's rape conviction.

Affirmed.

BARRETT and VAUGHT, JJ., agree.

*Erin W. Lewis*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.