LARRY D. VAUGHT, Judge
David Vines appeals his conviction by a Faulkner County Circuit Court jury of one count of second-degree domestic battery. David challenges the sufficiency of the evidence, arguing that the circuit court erred in denying his motion for directed verdict. We affirm.
On November 22, 2016, Becky Vines was driving, and her husband, appellant David Vines, was riding in the passenger seat. The two were arguing. Becky testified at trial that David became angry, pulled the keys out of the ignition, and grabbed Becky's phone. When Becky stopped the car, David got out. Becky testified that she also got out of the car to try to retrieve her phone and keys from David. David then walked around the car and got into the driver's seat. Becky testified that she thought David was trying to steal her car, so she got into the passenger seat. Becky testified that David then started the ignition, slammed his foot down on the gas, and said, "Now, I'm going to kill us both." Becky testified that she begged David to stop the car, but he placed his right hand on top of the steering wheel and turned the wheel sharply to the right. He kept his foot on the gas and did not apply the brakes. The car left the road, hit several mailboxes and a culvert, rolled, and stopped near the tree line. Becky testified that as a result of the crash, she was severely injured-her left heel was crushed, her right shin bone was shattered, and her fifth lumbar vertebra was broken. She testified that she had endured several surgeries, had required twenty-four-hour care, had limited mobility, and was unable to work. Becky also testified that when the car came to a stop, David got out, walked around, and then came back to the car and said, "I'm sorry."
Kimberly and Michael Burns both testified that they witnessed the crash. The Burnses had been driving in separate cars behind Becky's car. Kimberly testified that she saw the man and woman switch places, with the man getting into the driver's seat. She testified that the car then sped off, causing the tires to squeal, veered off the road to the right, and hit the culvert. Kimberly testified that she never saw the car's brake lights come on. Michael testified that the car did not drift; it darted abruptly to the right.
Matthew Boyd and Dennis Robertson, the first two police officers at the scene, testified that Becky's car was "pretty far"
*248 off the roadway and that when they arrived David was leaning into the passenger seat and appeared to be talking to the passenger. Both officers stated that although they observed the path the car had traveled off the road, there were no brake or skid marks or any other signs indicating any attempt to correct the car's path. Officer Boyd acknowledged that when a car slowly drifts off the road due to the driver's distraction, sometimes brake marks are not present.
David's counsel moved for a directed verdict at the close of the State's case, arguing that the State had failed to prove that David acted with the intent to cause serious physical injury. The court denied the motion. The defense rested and renewed its motion, which the court again denied. The jury convicted David of one count of domestic battery in the second degree,[1] and this appeal follows.
This court reviews a motion for a directed verdict as a challenge to the sufficiency of the evidence, and we will affirm the circuit court's denial of a motion for directed verdict if there is substantial evidence, either direct or circumstantial, to support the jury's verdict. See Flowers v. State , 373 Ark. 127, 282 S.W.3d 767 (2008). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. Id. In reviewing the sufficiency of the evidence, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the State without weighing it against conflicting evidence that may be favorable to the appellant, and we affirm the verdict if it is supported by substantial evidence. Id.
David's only argument on appeal is that the court erred in denying his motion for a directed verdict because there was insufficient evidence that he acted with the purpose to cause physical injury. A person commits the offense of domestic battering in the second degree if "with the purpose of causing physical injury to a family or household member, the person causes serious physical injury to a family or household member." Ark. Code Ann. § 5-26-304(a)(1) (Repl. 2013). Here, Becky testified that David stated, "Now, I'm going to kill us both," before intentionally yanking the steering wheel to the right and driving the car off the road. This testimony was bolstered by the Burnses' eyewitness accounts that immediately after the couple changed seats in the car, the car sped off and darted abruptly off the road. The officers at the scene also observed no indications that David had attempted to brake or avoid the accident.
David argues that Becky's testimony was not credible because she had previously been convicted of filing a false credit-card application. David also argues that the officers' testimony that sometimes a person may distractedly or inadvertently drive off the road without braking or leaving skid marks indicates that the wreck may not have been purposeful. Neither of these arguments has merit. The jury heard testimony about Becky's previous conviction and was free to consider it when determining how much weight to give Becky's account of the accident. The Arkansas Supreme Court has previously held that variances and discrepancies in the proof go to the weight or credibility of the evidence, and such matters are for the fact-finder to resolve. Marts v. State , 332 Ark. 628, 644, 968 S.W.2d 41, 49 (1998). The trier of fact is free to believe all or part of any witness's testimony and may *249 resolve any conflicts and inconsistencies; such matters are not for the court to resolve on a directed-verdict motion. Id. at 644, 968 S.W.2d at 49 ; see also State v. Long , 311 Ark. 248, 251, 844 S.W.2d 302, 304 (1992) (stating that "when a trial court exceeds its duty to determine the sufficiency of the evidence by judging the credibility of the evidence, it commits an error that requires correction"). Here, the court properly denied David's directed-verdict motion and allowed the jury to give each witness's testimony the weight and credibility it deemed appropriate.
Affirmed.
Glover and Hixson, JJ., agree.

David was originally charged with first-degree domestic battery, but the jury convicted on the lesser-included offense of second-degree domestic battery.