RAYMOND R. ABRAMSON, Judge
Shaun Anthony Allen appeals from his conviction of second-degree domestic battery. On appeal, he argues that the circuit court erred by (1) denying his motion to dismiss; (2) admitting into evidence unauthenticated phone recordings; and (3) permitting an undisclosed witness to testify. We affirm.
*95 On January 31, 2017, the State charged Allen with second-degree domestic battery in the Lonoke County Circuit Court. The State also charged Allen as a habitual offender. On March 7, 2017, Allen's counsel filed a motion for discovery requesting the names and addresses of the persons whom the prosecuting attorney intended to call as witnesses. On March 10, 2017, the State responded that it has an "open-file" policy that satisfies its obligations pursuant to Arkansas Rule of Criminal Procedure 17.2(b). The court set a trial date for November 15, 2017.
On November 9, 2017, the State moved for a continuance because a necessary witness, Dr. Edward Gardner, was unavailable on the scheduled trial date. In the motion, the State explained that it had contacted Allen's counsel and that he did not object to the request. The court granted the State's motion, and the case proceeded to a bench trial on January 10, 2018.
At trial, Officer Randy Mauk testified that Brittany Allen, Allen's wife, came to the Lonoke Police Department to make a report. Officer Mauk testified that Brittany had swelling to the left side of her face and had "limited mouth movements." He noted that she had been crying and appeared scared and nervous. He explained that after he received Brittany's report, he arrested Allen and interviewed him. He recorded the interview, and the interview was played for the court. In the interview, Allen stated that he and Brittany had a disagreement concerning his texting another woman. He admitted that he had abused Brittany in the past but denied breaking her jaw.
Melissa Woodard, an employee with the Division of Children and Family Services, testified that she spoke with Allen regarding a hotline report. She testified that Allen told her that he and his wife Brittany had a fight concerning his communicating with another woman. He reported that Brittany got upset and aggressively grabbed his phone. He then tried to retrieve his phone and accidentally hit Brittany in the face.
The State then called Dr. Edward Gardner to testify, and Allen's attorney objected to the testimony. Allen argued that the State had failed to disclose Dr. Gardner as a witness. Allen acknowledged that he had received medical records concerning Brittany's injuries but stated that they were not Dr. Gardner's records. The State responded that Dr. Gardner's records had been in the case file since March or April 2017. The court overruled Allen's objection and permitted Dr. Gardner to testify.
Dr. Gardner testified that he is an ear, nose, and throat doctor and that he saw Brittany in the emergency room with a fractured cheekbone. He explained that Brittany could not open her mouth and that she was in pain. He stated that he performed surgery on Brittany to repair the fracture and that without the surgery, the injury would have affected her ability to have a normal life.
Kim Doney testified that she is the assistant jail administrator at the Lonoke County Sheriff's Office. She explained that she can access recordings of inmate phone calls by entering an inmate's name or the telephone number that had been dialed. She stated that the State provided her with a telephone number along with dates and times and that she located recordings of the calls placed to that number. She noted that the inmate associated with the calls was Jeremiah Eds but that the calls were made while Allen was housed at the Lonoke Detention Center. The State then moved to introduce the recordings.
*96 Allen objected, stating that the State could not introduce the recordings until they were properly authenticated. The State asserted that Allen self-identified himself in the phone call. The court admitted the recordings.
In the recordings, the male and female refer to each other as "Shaun" and "Brittany." The female asks the male for his email address, and he responds, "Shaunallen22." The female further discusses her broken jaw. She states that she cannot eat and that she needs surgery to place a steel rod and plate to repair the injury. The male apologizes for his actions and explains that he is addicted to drugs. The female responds that the drugs caused him to be a "mean, violent person."[1]
Brittany then testified that Allen is her husband and that they have been married for nine years. She explained that she and Allen had fought over his communicating with another woman. She stated that she yelled, threw his phone at him, hit him in the chest, and grabbed his genitals. She stated that, in response, he hit her in the face. Brittany testified that she did not inform the police about her aggressive behavior toward Allen and that she may have said "some things that [she] didn't mean" to Officer Mauk. She explained that she had surgery to repair her cheekbone and that Shaun had apologized for his actions.
After the State rested, Allen moved to dismiss the second-degree-domestic-battery charge. He argued that the testimony showed that Brittany initiated the altercation and that he acted in self-defense. The court denied the motion. Allen did not present any evidence. Thereafter, the court found him guilty of second-degree domestic battery and sentenced him to forty months' imprisonment followed by twelve months' suspended imposition of sentence. Allen timely appealed.
We first address Allen's argument that the circuit court erred by denying his motion to dismiss.[2] A motion to dismiss, which is identical to a motion for a directed verdict in a jury trial, is a challenge to the sufficiency of the evidence. Green v. State , 79 Ark. App. 297, 87 S.W.3d 814 (2002). When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we consider only that proof that supports the conviction. Singleton-Harris v. State , 2014 Ark. App. 436, 439 S.W.3d 720. We view that evidence and all reasonable inferences deducible therefrom in the light most favorable to the State. Vines v. State , 2018 Ark. App. 496, 562 S.W.3d 246. We will affirm if the finding of guilt is supported by substantial evidence. Id. Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. Clayton v. State , 2011 Ark. App. 692, 2011 WL 5563189. The jury is free to believe all or part of a witness's testimony, and we do not weigh the credibility of witnesses on appeal because that is a job for the fact-finder *97 and not the appellate court. Sizemore v. State , 2015 Ark. App. 295, 462 S.W.3d 364.
In this case, Allen argues that there is insufficient evidence to support his conviction of second-degree domestic battery because the evidence showed that Brittany was the aggressor and that he accidentally hit her while defending himself. He points out that Brittany testified that she threw his phone, hit him in the chest, and grabbed his genitals.
A person commits second-degree domestic battery if with the purpose of causing physical injury to a family or household member, the person causes serious physical injury to a family or household member. Ark. Code Ann. § 5-26-304(a)(1) (Repl. 2013). "A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result." Ark. Code Ann. § 5-2-202(1). The defense of justification, because it is a matter of a defendant's intent, is a question of fact to be decided by the trier of fact. Brown v. State , 2011 Ark. App. 150, 381 S.W.3d 175.
We hold that substantial evidence supports Allen's conviction of second-degree domestic battery. Even though Brittany testified at trial that she initiated the fight with Allen, the evidence showed that she did not initially report her aggressive conduct to Officer Mauk, that she was nervous and scared when she reported the incident, that Allen apologized to Brittany for his actions, and that Brittany suffered serious injuries to her face. Accordingly, we affirm on this point.
Allen next argues that the circuit court erred in admitting into evidence the phone recordings because the State failed to authenticate the recordings pursuant to Arkansas Rule of Evidence 901 (2018). He points out that the State did not offer voice-identification testimony pursuant to Rule 901(b)(5). He further points out that the State did not properly authenticate the recordings under Rule 901(b)(6) because the State did not establish to whom the telephone number was assigned.
The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse that decision absent a manifest abuse of discretion. Laswell v. State , 2012 Ark. 201, 404 S.W.3d 818. The abuse-of-discretion standard is a high threshold that does not simply require error in the circuit court's decision, but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. Grant v. State , 357 Ark. 91, 161 S.W.3d 785 (2004).
Arkansas Rule of Evidence 901 states as follows:
Requirement of authentication or identification.
(a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
(b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
....
(4) Distinctive Characteristics and the Like. Appearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.
(5) Voice Identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion *98 based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.
(6) Telephone Conversations. Telephone conversations, by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (i) in the case of a person, circumstances, including self-identification, show the person answering to be the one called, or (ii) in the case of a business, the call was made to a place of business and the conversation related to business reasonably transacted over the telephone.
Ark. R. Evid. 901(a), (b)(4)-(6). Authentication requirements are satisfied if the circuit court, in its discretion, concludes that the evidence presented is genuine and, in reasonable probability, has not been tampered with or altered in any significant manner. Davis v. State , 350 Ark. 22, 86 S.W.3d 872 (2002) ; Guydon v. State , 344 Ark. 251, 39 S.W.3d 767 (2001).
In this case, we hold that the circuit court did not abuse its discretion in admitting the phone recordings. Allen misunderstands the requirements of authentication under Rule 901. Subsections (5) and (6) of Rule 901 are nonexhaustive examples of authentication or identification for purposes of illustration. Authentication is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. See Ark. R. Evid. 901(a). Here, Doney testified that the calls were made from the Lonoke County Detention Center while Allen was housed there. The individuals in the recordings reference each other as "Shaun" and "Brittany," and the male states that his email address is "shaunallen22." Moreover, the individuals in the recordings discuss the female's facial injury, which is consistent with the testimony concerning Brittany's injury. Accordingly, we hold that the circuit court did not abuse its discretion in admitting the recordings.
Allen next argues that the circuit court erred by allowing Dr. Gardner to testify in violation of Arkansas Rules of Criminal Procedure 17.1 and 19.2. He asserts that the State did not disclose Dr. Gardner on its witness list and that his records did not appear in the discovery file that he obtained from the State. He claims that he was prejudiced by Dr. Gardner's testimony because it established that Brittany's injury was a "serious physical injury."
Rule 17.1 of the Arkansas Rules of Criminal Procedure provides for the discovery of the names and addresses of persons the State plans to call as witnesses: "[T]he prosecuting attorney shall disclose to defense counsel, upon timely request, ... the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at any hearing or at trial." Ark. R. Crim. P. 17.1(a)(i). Rule 17.2 permits a prosecuting attorney to fulfill discovery obligations through the use of an open-file policy. Ark. R. Crim. P. 17.2 (2018). If a prosecutor's office intends to fulfill its discovery obligations by relying on an open-file policy, it must make every practicable effort to ensure that the information and records contained in the file are complete and that the documents employed at trial are identical to the material available to the defense in the open file. Smith v. State , 352 Ark. 92, 98 S.W.3d 433 (2003). Rule 19.2 imposes upon a party a continuing duty to disclose, after compliance with the rules of discovery, if it discovers additional material or information comprehended by a previous request to disclose. In order to obtain a reversal of a criminal conviction on the basis of a discovery violation, the appellant must make a showing of prejudice. Id.
*99 In this case, even assuming that the State failed to properly disclose Dr. Gardner as a witness, we hold that Allen has not established prejudice. The State presented other evidence that Brittany suffered a serious physical injury.[3] Specifically, Brittany testified at trial that she had surgery as a result of her injury. In the phone recording, Brittany stated that she could not eat and needed a steel rod and plate to repair her jaw. Further, Officer Mauk testified that when Brittany reported the incident, she had an injury to the left side of her face and that she had "limited mouth movements." Accordingly, we hold that Allen cannot establish prejudice as a result of Dr. Gardner's testimony, and thus he cannot establish a reversible error. We therefore affirm his conviction.
Affirmed.
Virden and Hixson, JJ., agree.

At trial, the State stated that it did not call Brittany to authenticate the recordings because it believed that she would recant on the stand.

The State asserts that Allen's sufficiency argument is not preserved for our review because he did not renew his motion to dismiss after the defense rested. We disagree. Rule 33.1(b) of the Arkansas Rules of Criminal Procedure provides that in a bench trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(b). However, renewal of a directed-verdict motion is not required to preserve a sufficiency challenge on appeal when the defense rests without presenting any evidence. Patton v. State , 2010 Ark. App. 453, 2010 WL 2103509. Here, Allen rested his case without presenting any evidence.

"Serious physical injury" means physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. Ark. Code Ann. § 5-1-102 (21). Expert medical testimony is not required to prove serious physical injury, as the finder of fact may use its common knowledge to determine whether such injury occurred. Hughes v. State , 2015 Ark. App. 378, 467 S.W.3d 170.